MARY LOU DANIEL v. NEW AMSTERDAM CASUALTY COMPANY.

(Filed 4 March, 1942.)

**1. Insurance § 44a—**

The policy of liability insurance in suit provided that insurer would not be liable for injuries resulting from defective workmanship after insured's work was "completed." A charge that "to complete" means to bring to a state of entirety or perfection, to do the work in a proper manner, *is held* erroneous as going too far and rendering the attempted restriction meaningless and unavailing.

**2. Same—**

The policy of liability insurance in suit provided that insurer would not be liable for injuries resulting from defective workmanship after insured's work was "completed." *Held:* While the term "completed" cannot be given a general definition of universal application, and the factual situation in each case must control, work cannot be regarded as completed so long as the workman has omitted or failed to perform some substantial requirement which the owner has a contractual right to demand.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Stevens, J.,* at October-November Term, 1941, of WILSON. New trial.

This suit was brought to recover from the Amsterdam Casualty Co. on a judgment obtained by the plaintiff against Marvin D. Etheridge, Trustee in Bankruptcy of the Alphin Plumbing and Heating Co., for damages sustained on 7 November, 1939, as the result of the negligence of the Alphin Plumbing and Heating Co. The latter was covered on this date by a liability policy issued by the present defendant, by the terms of which defendant agreed to pay any judgment obtained against the assured for bodily injuries suffered by accident while the policy was in force, subject to certain conditions, only one of which necessitates consideration here, *i.e.,* that the policy should not cover any accident "resulting from defective workmanship or material in connection with the contracting operations after the assured's work is completed."

On 29 August, 1939, Moses Daniel, husband of the plaintiff, made a contract with the Alphin Plumbing and Heating Co. to disconnect a hot water heater then in use in the Daniel home, having been installed by the Alphin Co., and to remodel it so it could be used as a stove or room heater. There was evidence introduced by plaintiff that the company had agreed to fix it so it would "be satisfactory in giving heat and be safe." In performing the job the plumbers sealed up the water jacket of the heater, but left some water inside. Moses B. Daniel paid for the work on 9 September, 1939, and installed the converted heater in a bedroom on 7 November. On 9 November, when a fire was lit in it, the heated water in the sealed water jacket turned to steam, expanded, and caused the heater to explode, seriously injuring the plaintiff. For these injuries plaintiff recovered judgment against the trustee in bankruptcy of the Alphin Plumbing and Heating Co., and it is on this judgment that plaintiff now sues the present defendant.

In the court below the defendant argued that the restrictive clause in its policy quoted above excused it from liability because the accident occurred after the job had been completed, in the ordinary sense of the word. The court, however, charged the jury on the issue of completeness as follows, relying on Webster's Unabridged Dictionary: "It means to bring to a state of entirety or perfection. To complete a piece of work means nothing more or less than to do the work in a proper manner, to finish it, so that the article or thing worked upon will do safely and properly that which it was intended for it to do."

From verdict and judgment in favor of plaintiff defendant appealed, assigning error.

*Jones & Brassfield and Finch, Rand & Finch for defendant, appellant.*
*W. A. Lucas and Connor & Connor for plaintiff, appellee.*

---

DANIEL v. CASUALTY CO.

SEAWELL, J. After accepting liability in more general terms, the policy seeks to restrict the coverage to injuries sustained during the progress of the work—declining liability after "assured's work is completed." The controversy here is over the proper definition of the word "completed" as used in the policy to mark the time when liability ceases.

The majority of the Court are of the opinion that the charge to the jury at the trial goes too far, since the jury may have been led to infer that the job could never in fact and in law be considered as completed until an ideal state of perfection had been reached beyond that reasonably contemplated in the contract, which would make the attempted restriction meaningless and unavailing. But under the evidence in this case we are equally unable to adopt the view of the defendant that the work should be held completed as a matter of law.

We have no general definition of "completeness" or "completion" which would be of universal application and service. The factual situation in each case must control, but there are some outstanding considerations which may serve as a guide.

Completion is an independent fact which cannot be determined by the act or intention of a workman who may cease work regarding the job as completed, nor wholly by the conduct of the owner who without knowledge of the condition pays off before actual completion. It took a meeting of the minds to create the contract, and it should take a like meeting of the minds to discharge or abrogate it before substantial compliance with its terms. Without considering any termination of the contractual relation in this manner, as none is disclosed in the evidence, the contract itself is the most important factor bearing upon completion of the work.

We do not consider that the work is complete within the meaning of the insurance contract so long as the workman has omitted or altogether failed to perform some substantial requirement essential to its functioning, the performance of which the owner still has a contractual right to demand.

There is evidence here from which the jury might infer that by reason of the omission on the part of Alphin Plumbing and Heating Co. to do work essential to the functioning of the heater in the manner intended and called for in the contract, the work at the time plaintiff sustained her injury had never reached that condition of completeness that would render the restrictive clause in the policy operable.

The motion for judgment as of nonsuit was properly overruled.

But the instruction to the jury above noted must be held for error entitling the defendant to a

New trial.

STACY, C. J., took no part in the consideration or decision of this case.