FRED J. STANBACK, JR. v. WESTCHESTER FIRE INSURANCE COMPANY

No. 8319SC551

(Filed 1 May 1984)

1. **Insurance § 149— "umbrella policy"—duty of defendant to defend on plaintiff's behalf in legal action**

   The trial court properly concluded that a complaint filed by plaintiff's former wife in another action in which she sought to recover damages for per-

sonal injury within was the coverage afforded by the defendant's policy, and that the defendant was required to provide a defense for plaintiff in that action where (1) defendant issued to plaintiff a comprehensive catastrophe liability policy known as an "umbrella policy"; (2) under the policy defendant had a duty to pay the net loss in excess of the retained limits which plaintiff became liable for when his actions caused personal injury; (3) defendant had a duty to "[d]efend any suit against the insurer alleging such injury or damage and seeking damages . . . even if such suit is groundless, false or fradulent . . ."; and (4) the bare allegations of plaintiff's former wife's complaint seeking damages for mental anguish and anxiety and for abuse of process were enough to bring the complaint within defendant's duty to defend on plaintiff's behalf.

2. **Evidence § 22.1— deposition taken from another case—properly admitted**

There was no error in the trial court's making findings of fact based upon the deposition taken in another action arising from the same subject matter where prior to the trial of this action the parties agreed to a stipulation which included the *entire contents* of the court file for the prior case and the deposition was part of the file.

3. **Insurance § 149— "umbrella policy"—inclusion and exclusion provisions of policy creating ambiguity—resolved in favor of plaintiff**

Where an exclusion provision in an insurance policy tended to exclude intentional torts from coverage but the policy defined "personal injury" to include the intentional torts of false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution, and libel and slander, there was an ambiguity in the policy, and given the construction most favorable to the insured, the policy did not exclude intentional infliction of mental anguish and malicious prosecution from its coverage.

4. **Insurance § 149— excess liability policy—underlying insurance not covering plaintiff's claim**

The underlying insurance policies which plaintiff was required to retain included standard automobile liability and homeowners policies; therefore, the court did not err in finding that the intentional tort claims which plaintiff sought defendant to defend were not covered by the underlying insurance plaintiff had in effect.

5. **Insurance § 149— duty to defend not terminating upon Supreme Court decision in parent action**

There was no merit to defendant's argument that its duty to defend terminated upon the entry of the Supreme Court opinion in the parent action since the Court found that plaintiff's wife's allegations were sufficient to permit her to go to trial upon questions of whether great mental anguish and anxiety caused her physical injury and since defendant's insurance policy clearly provided coverage for personal injury caused by mental anguish and mental anxiety.

6. **Insurance § 149— excess liability insurance policy—failure to defend—interest properly awarded on judgment**

When recovery is had for breach of an insurance contract and the amount of recovery is ascertained from relevant evidence, such as billing dates for

services rendered by lawyers, interest should be, and was properly, added to the recovery from the date of the breach.

**7. Appeal and Error § 24.1— failure to preserve issue by cross-appeal—cross-assignment of error ineffectual**

Plaintiff's attempt to raise the question of whether the court erred by its failure to award him attorney's fees in the present action was ineffectual since the proper method to have preserved this issue for review would have been to cross-appeal. App. Rule 10(d).

APPEAL by defendant from *Wood, William Z., Judge.* Judgment entered 23 December 1982 in ROWAN County Superior Court. Heard in the Court of Appeals 3 April 1984.

On 10 December 1972, defendant issued to plaintiff a comprehensive catastrophe liability policy known as an "umbrella policy." The policy was renewed on 10 December 1975 and was effective through 10 December 1978. The policy obligated defendant to pay plaintiff's liability for personal injury or property damage and to defend any suit alleging such injury or damage, including the duty to defend even if the suit was groundless, false or fraudulent. The policy excluded from coverage acts committed by or at the direction of the insured with the intent to cause personal injury or property damage.

On 14 January 1976, Vanita B. Stanback, plaintiff's former wife, filed an action in Rowan County Superior Court alleging that plaintiff had breached that part of their separation agreement wherein he agreed to reimburse her for any taxes she was required to pay because of his payment of her attorneys' fees; that as a result of this breach of contract she suffered mental anguish and anxiety because of the Internal Revenue Service's attempts to collect taxes allegedly due because of the payment of the fees, including filing a tax lien against her property; and that as a result of plaintiff's failure to pay the taxes, she was required to pay taxes and interest and also suffered $250,000.00 worth of consequential damages. She sought $100,000.00 in punitive damages.

In count two of the action, Mrs. Stanback alleged that a prior federal action, instituted by plaintiff against her and the government, to require her to seek a refund of the taxes she paid on the attorney fee payment was, malicious, wrongful and unjustified so as to constitute an abuse of process. She alleged that due to the

federal action she incurred legal expenses and suffered embarrassment, humiliation and mental anguish and sought an additional $100,000.00 on account of these damages.

When plaintiff notified defendant of Mrs. Stanback's suit, defendant declined to defend him. The reason given for the refusal was that the "complaint allegations do not fall within the scope of an 'occurrence' and therefore would not be covered under the policy." After being asked to reconsider, defendant agreed that the policy did not contain a definition of occurrence but it still refused to defend on the ground that the complaint's allegations fell within policy exclusion (e) which barred from coverage "acts committed by or at the direction of the insured with intent to cause personal injury or property damage."

In the parent action, plaintiff, represented by counsel obtained at his expense, moved to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure. The trial court granted the motion with respect to all the allegations except the breach of contract claim. Mrs. Stanback appealed to this court, which affirmed the trial court's judgment in *Stanback v. Stanback,* 37 N.C. App. 324, 246 S.E. 2d 74 (1978), *aff'd in part and rev'd in part,* 297 N.C. 181, 254 S.E. 2d 611 (1979). The Supreme Court affirmed this court's decision regarding the abuse of process claim and held that count one stated a claim for intentional infliction of emotional stress and for punitive damages.

On remand, the Superior Court ultimately granted summary judgment against Mrs. Stanback on all the counts. That judgment was affirmed by this court in *Stanback v. Stanback,* 53 N.C. App. 243, 280 S.E. 2d 498, *disc. rev. denied,* 304 N.C. 197, 285 S.E. 2d 101 (1981).

On 7 November 1977, plaintiff filed this action, alleging that defendant had a duty to defend him in the parent action. The matter was heard before Judge William Z. Wood, sitting without a jury. Based upon extensive findings of fact, Judge Wood concluded that defendant had a duty to defend plaintiff in the parent action, and that plaintiff was entitled to recover the money he had expended for attorney fees in defense of that action. The judgment also awarded plaintiff interest. From the entry of the judgment, defendant appealed.

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by George L. Little, Jr. and Robert J. Lawing, for plaintiff.*

*Henson & Henson, by Perry C. Henson and Paul D. Coates, for defendant.*

WELLS, Judge.

[1] Defendant in its first argument contends "[t]he trial court committed reversible error in concluding that the complaint filed by Mrs. Stanback in the parent action sought to recover damages for personal injury within the coverage afforded by the defendant's policy, and that the defendant was required to provide a defense for . . . [plaintiff] in the parent action." The policy which is the subject of this action contained the following pertinent provisions:

I. COVERAGE—

To pay on behalf of the insured the ultimate net loss in excess of the retained limit which the insured shall be legally obligated to pay:

     (a) Personal Liability. As damages because of personal injury or property damage;

     . . .

II. DEFENSE-SETTLEMENT-COVERAGE I. (a)—

With respect to any occurrence not covered by the underlying policies or insurance described in Schedule A hereof or any other underlying insurance available to the insured, but covered by the terms and conditions of this policy except for the amount of the retained limit specified in Item 4(D) of the declarations, the company shall:

     (a) Defend any suit against the insured alleging such injury or damage and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

     . . .

This policy shall not apply, with respect to coverage 1(a):

. . . (e) to any act committed by or at the direction of the insured with intent to cause personal injury or property damage:

. . .

(b) "Personal injury" means:

(1) Bodily injury, sickness, disease, disability, shock, mental anguish and mental injury;

(2) False arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution or humiliation;

(3) Libel, slander, defamation of character, or invasion of right of privacy; and

(4) Assault and battery not committed by or at the direction of the insured, unless committed for the purpose of preventing or eliminating danger in the operation of automobiles or watercraft or for the purpose of protecting persons or property;

. . .

Defendant contends that it "did not owe a duty to the plaintiff to defend the lawsuit by Vanita Stanback since her complaint did not allege a cause of action which was covered by the terms of the policy, and since the defendant could not be legally obligated to pay . . . for the damages claimed by Mrs. Stanback for such 'personal injury.'" Defendant bases this contention on the fact that our Supreme Court found that count two of the parent action lacked the substantive elements of a claim for malicious prosecution and that count one only alleged a cause of action for breach of contract, and punitive damages for emotional distress. Defendant argues that its duty to defend did not arise because even if all the facts alleged in the complaint were true Mrs. Stanback could not have recovered any damages for which defendant would have been liable. We disagree.

The insurance policy issued to the plaintiff imposed two duties on defendant. First, defendant had a duty to pay the net loss in excess of the retained limits which plaintiff became liable for when his actions caused personal injury. Secondly, defendant had a duty to "[d]efend any suit against the insured alleging such

injury or damage and seeking damages . . . even if such suit is groundless, false or fraudulent. . . ." Justice Lake writing for our Supreme Court in *Insurance Co. v. Insurance Co.*, 269 N.C. 358, 152 S.E. 2d 513 (1967) explained the differences between these duties:

> Each of the plaintiffs, by its policy, contracted with Jerry Denning to do two different things. First, it contracted to pay on his behalf all sums for the payment of which he became legally liable, because of bodily injury sustained by any person arising out of the use of an automobile not owned by him, to the extent that such liability exceeded other valid and collectible insurance and did not exceed the limit fixed by its policy. Second, it contracted to defend, at its expense, on his behalf, any suit, even though groundless, brought against him, alleging such bodily injury and seeking damages payable under the terms of the policy.

> It will be observed that *the first of these undertakings requires that plaintiff company to step into the shoes of Jerry Denning* and pay a sum for the payment of which he became liable. *The second undertaking is not of that nature.* In the performance of it *the company does not step into the shoes of the policyholder. Its liability under that undertaking is not contingent upon the existence of a liability on his part,* and its performance of that undertaking does not impose any liability upon him. *That undertaking is absolute.*

(Emphasis added.)

We hold that the bare allegations of Mrs. Stanback's complaint seeking damages for mental anguish and anxiety and for abuse of process because the federal action was commenced "maliciously, wrongfully . . . and without probable cause" were enough to bring the complaint within defendant's duty to defend on plaintiff's behalf. Defendant in support of its contention that there was no duty to defend points to the outcome of the parent action. Defendant argues because the Supreme Court determined that there was no viable claim for malicious prosecution and only an action for the intentional infliction of mental anguish, defendant had no duty to defend the action.

We find no merit in this argument. Mrs. Stanback was clearly attempting to recover for malicious prosecution and physical in-

jury brought about by mental anguish. These torts are within the coverage of defendant's policy; therefore, even though it was later determined that the suit was groundless under the terms of the policy and the law of this state, defendant nevertheless had a duty to defend.

[2] In its next argument, defendant contends the court erred "in making findings of fact based upon the deposition taken August 5th 1980 of Mrs. Stanback in the parent action." Prior to the trial of this action the parties agreed to the following stipulation:

> 15. Plaintiff Stanback has been required to employ counsel at his own expense, to defend the action instituted by his former wife in the Superior Court of Rowan County, 76CVS36, and has incurred legal expenses and costs to date as set forth in the attached affidavits which are incorporated herein by reference. With regard to the proceedings and defense efforts required, the parties stipulate the entire contents of the court file in the case 'Vanita B. Stanback, plaintiff vs. Fred J. Stanback, Jr., defendant' 76CVS36.

Defendant argues that since the deposition was taken following the original Supreme Court decision it should not be considered, and that even if the deposition was timely it was not within the stipulation of the parties. We interpret the stipulation to clearly include the *entire contents* of the court file for 76CVS36. The deposition was a part of this file and was therefore properly before the trial court. The deposition is consistent with the allegations of the complaint. We find no error in the court's use of the deposition.

[3] In its third argument, defendant contends the court erred by failing to find that exclusion (e) of the policy excluded the parent action from the coverage of the policy. Defendant argues that this exclusion "would prevent liability for personal injury which is the result of intentional acts."

In North Carolina exclusions from coverage under insurance policies are to be strictly construed. *Insurance Co. v. Insurance Co.*, 269 N.C. 341, 152 S.E. 2d 436 (1967); *see also Industrial Center v. Liability Co.*, 271 N.C. 158, 155 S.E. 2d 501 (1967). In this case the policy defined "personal injury" to include false arrest, false imprisonment, wrongful eviction, wrongful detention,

malicious prosecution, libel and slander. These are clearly intentional torts. This definition when read in conjunction with exclusion (e), which purportedly attempts to exclude intentional torts creates an ambiguity in the policy. Our Supreme Court has held that when language is used in an insurance policy which is reasonably susceptible of differing constructions, it must be given the construction most favorable to the insured, since the insurance company prepared the policy and chose the language. *See Grant v. Insurance Co.,* 295 N.C. 39, 243 S.E. 2d 894 (1978). In this case, the apparent conflict between coverage and exclusion must therefore be resolved in favor of plaintiff, and we therefore reject defendant's argument that Mrs. Stanback's allegations regarding intentional infliction of mental anguish and malicious prosecution are excluded from coverage by exclusion (e).

[4]    Next defendant contends that since its policy was an excess liability policy which required plaintiff to keep certain underlying insurance in effect, the court erred by failing to find that these policies covered Mrs. Stanback's claim and that defendant, therefore, was not liable. The underlying insurance policies which plaintiff was required to retain included standard automobile liability and homeowner policies. Their coverages were not designed to protect plaintiff from this type of liability. The trial court's determination that they did not terminate defendant's duty to defend was correct.

[5]    Next defendant argues that even if there was an original duty to defend that the duty terminated upon the entry of the order by Judge Rousseau on 15 April 1977 or upon the filing of the Supreme Court opinion in *Stanback v. Stanback,* 297 N.C. 181 *supra,* its duty ceased because the only causes of action which remained were for breach of contract and punitive damages which were not covered by the policy. Defendant is apparently misinterpreting the opinion. In *Stanback* the Supreme Court said "[p]laintiff's allegations are sufficient to state a claim for what has become essentially the tort of intentional infliction of serious emotional distress." The court further said "[a]lthough it is clear that plaintiff must show some physical injury resulting from the emotional disturbance caused by [plaintiff's] alleged conduct, . . . we think her allegation that she suffered great mental anguish and anxiety is sufficient to permit her to go to trial upon the question of whether the great mental anguish and anxiety . . . has caused

physical injury." *Id.* Since the insurance policy clearly provides coverages for personal injury caused by mental anguish and mental anxiety defendant's duty to defend the action continued to the conclusion of the litigation. We therefore reject this argument.

[6] Defendant next contends that the trial court erred in awarding interest on the judgment because "the record in this case fails to reveal what amounts were incurred on what dates and it would be impossible to determine when it is to accrue on these amounts." We cannot agree.

When recovery is had for breach of an insurance contract and the amount of recovery is ascertained from relevant evidence, interest should be added to the recovery from the date of the breach. *Wilkes Computer Services v. Aetna Casualty & Surety Company,* 59 N.C. App. 26, 295 S.E. 2d 776 (1982), *disc. rev. denied,* 307 N.C. 473, 299 S.E. 2d 229 (1983). Plaintiff's lawyers billed him on several dates for services rendered. From such billings, interest due plaintiff could be properly computed, and we therefore overrule this assignment of error.

In its seventh argument, defendant contends the court erred by finding that defendant had provided plaintiff a defense to Mrs. Stanback's counterclaim in the federal action which contained substantially similar allegations to count one of the parent action. The complaint in this action and the federal counterclaim are included as part of the record. We have carefully examined them and believe that the trial court's finding of fact was correct. This argument is without merit.

Finally, defendant contends the court erred by the entry of the judgment. As a basis for this contention defendant realleges the arguments, assignments of error and exceptions previously presented and we find no merit in this assignment.

[7] Plaintiff, by a cross-assignment of error, attempts to raise the question of whether the court erred by its failure to award him attorney's fees in this action. Rule 10(d) of the North Carolina Rules of Appellate Procedure provides:

(d) Exceptions and Cross Assignments of Error by Appellee. Without taking an appeal an appellee may set out exceptions to and cross-assign as error any action or omission of the trial court to which an exception was duly taken or as to

which an exception was deemed by rule or law to have been taken, and which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken. Portions of the record necessary to an understanding of such cross-assignments of error may be included in the record on appeal by agreement of the parties under Rule 11(a), or may be included by the appellee in a proposed alternative record on appeal under Rule 11(b).

Because plaintiff's cross-assignment of error does not present an alternative basis upon which to support the judgment, the question argued therein is not properly before this court. The proper method to have preserved this issue for review would have been a cross-appeal. Plaintiff's cross-assignment of error is overruled.

No error.

Judges ARNOLD and BRASWELL concur.