LINDLEY CHEMICAL, INC. v. HARTFORD ACCIDENT AND INDEMNITY COMPANY

No. 8420SC60

(Filed 20 November 1984)

Insurance § 149— liability insurance—premises-operations coverage distinguished from products liability coverage

    In an action to compel defendant insurance company to pay a judgment arising from a third party's use of plaintiff's product, defendant's motion for a Rule 12(b)(6) dismissal was properly granted where plaintiff had purchased "premises-operations" coverage rather than products liability coverage, so that injuries occurring while an activity was in progress were covered, but not injuries occurring away from plaintiff's premises and after physical possession of the products had been relinquished, even if plaintiff had performed a negligent act on its premises.

APPEAL by plaintiff from *Barefoot, Judge*. Judgment entered 5 October 1983 in Superior Court, STANLY County. Heard in the Court of Appeals on 19 October 1984.

*John M. Bahner, Jr., for plaintiff appellant.*

*Golding, Crews, Meekins, Gordon & Gray by James P. Crews and David N. Allen for defendant appellee.*

BRASWELL, Judge.

Lindley Chemical, Inc., sold a roller cleaner chemical to Tow Dyeing and Finishing Company. While Richard Allen Poplin, an employee of Tow Dyeing and Finishing Company, was using the chemical, it caught fire and Poplin was severely burned. Poplin sued Lindley Chemical, now the plaintiff before us, for the injuries he sustained and obtained a favorable judgment. The defendant-insurance company refused to defend the Poplin lawsuit and refused to pay the judgment, contending the insurance policy specifically excluded coverage. The plaintiff sued the defendant, seeking to force it to pay the Poplin judgment. The trial court, however, granted the defendant's motion to dismiss on the grounds that the plaintiff had failed to state a claim upon which relief could be granted. The plaintiff has appealed this ruling.

To better understand whether the policy does or does not cover the Poplin incident, we recite the following facts. On 1 November 1979, the defendant issued to the plaintiff a policy of insurance denominated as a "casualty insurance policy" which provides "Manufacturers' and Contractors' Liability Insurance Coverage . . . for premises and for the named insured's operations in progress." The policy contains coverage for bodily injury liability and for property damage liability. Coverage A, the bodily injury liability section of the policy, states that "[t]he company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay *damages* because of . . . bodily injury . . . to which this insurance applies, caused by an *occurrence*, and the company shall have the . . . duty to defend any suit against the *insured* seeking damages on account of such *bodily injury.* . . ." However, the policy also expressly provides that "[t]his insurance does not apply: . . . (p) to *bodily injury* . . . included within the *completed operations hazard* or the *products hazard.* In the definition section of the policy, " '*products hazard*' includes *bodily injury* and *property damage* arising out of the *named insured's products* or reliance upon a representation or warranty made at any time with respect thereto, but only if the

Lindley Chemical, Inc. v. Hartford Acci. and Indemn. Co.

*bodily injury* or *property damage* occurs away from premises owned by or rented to the *named insured* and after physical possession of such products has been relinquished to others."

Prior to 18 July 1980, the plaintiff sold and delivered an Acetone solvent, "Lintex Cleaner AC," to Tow Dyeing for the purpose of cleaning the rollers on a "Tri-Pad" Machine used in drying dyed cloth. On 18 July 1980, Richard Allen Poplin, a Tow Dyeing employee, climbed on top of the Tri-Pad and poured the solvent onto the rollers. The solvent ignited and the fire burned Poplin severely on his face, arms, and legs. The trial court in Poplin's lawsuit against the plaintiff found and concluded that the plaintiff, "knowing that the product was hazardous and dangerous, had negligently failed to warn [Poplin's] employer . . . or prospective users and specifically [Poplin] as to the dangerous, extremely flammable and other hazardous properties and propensities of the fluid substance" it sold and delivered. The trial court also concluded that the plaintiff had been negligent by "obliterating, painting over and concealing" the adequate warning label appearing on the solvent's drum when received by the plaintiff from its own supplier. The plaintiff was required to compensate Poplin in the amount of $750,000.00.

The defendant-insurance company, maintaining that the plaintiff's policy did not provide coverage for this incident, twice refused to defend the suit brought by Poplin and refused to pay the $750,000.00 judgment.

The scope of our review from the order granting the defendant's Rule 12(b)(6) motion is whether " 'it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.' (Citations omitted.)" *Brown v. Miller*, 63 N.C. App. 694, 696, 306 S.E. 2d 502, 504 (1983), *disc. rev. denied*, 310 N.C. 476, 312 S.E. 2d 882 (1984). The theory of recovery behind the plaintiff's claim is that their liability to Poplin was based on their "failure to warn" him and Tow Dyeing about the dangers associated with Acetone. The plaintiff contends that since risks created due to their "failure to warn" were not specifically excluded in the policy, then the defendant is liable under the policy. We disagree and hold that because there is no set of facts which the plaintiff could prove that would entitle it to a recovery, the defendant's Rule 12(b)(6) motion was properly granted.

From the record, it is apparent that the plaintiff purchased what is commonly referred to as "premises-operations" coverage. This type of insurance covers "[a]n injury or a loss [which] may result while an activity is in progress, and prior to the completion thereof, either as a result of an act of negligence or an omission." 7A J. Appleman, Insurance Law and Practice, Sec. 4508 (1979). The applicable section of the policy is entitled "Coverage for Premises and for the Named Insured's Operations in Progress." The plaintiff did not purchase "products liability" coverage which insures against potential injuries caused by products possessing inherent hazards.

> At the outset, it is well to recognize that products liability is a coverage that takes over where premises-operations leaves off by means of the various applicable exclusions. Obviously, if the insured carries premises-operations coverage as well as products and completed operations coverage there would be little litigation. Thus the cases that deal with this problem usually involve the situation where the policyholder failed to purchase products and completed operations coverage and a loss occurred that the insurer claims is excluded under the premises-operations portion of the policy.

*Id.* By its language, the policy excludes coverage for bodily injury arising out of the plaintiff's products if the bodily injury occurred away from the plaintiff's premises and after the physical possession of the products had been relinquished to others. There is no dispute between the parties that Poplin was injured by the product while working on his own employer's premises and while the product was in his employer's possession.

As in the present case, once a product has been completed and distributed in the market, "premises-operations" coverage is not the appropriate coverage and the individual or entity now needs "products liability" coverage. Although the coverages are complementary, they do not overlap and protect against two separate hazards. *Id.* Thus, we find unpersuasive the plaintiff's argument that the "failure to warn" about a product's dangers is a risk contemplated by this policy and not specifically excluded. Such a risk could have properly been insured against had the plaintiff purchased "products liability" insurance instead of or as well as "premises-operations" insurance. Since the insurance it

did purchase does not extend coverage to off-premises injuries, the plaintiff cannot recover under this "premises-operations" policy.

Likewise, we see no merit in the plaintiff's contention that because it painted over and concealed the existing warning on the drum containing the flammable solvent while it was on its premises and in its possession that the injury falls outside the exclusionary language. The policy speaks with regard to "bodily injuries" which occur while the product is on its premises. It does not contemplate bodily injuries occurring off the premises even though the negligent act may have been committed on the premises.

Also, the major cases cited by the plaintiff in its brief in support of the proposition that the products hazard exclusion does not apply when the negligence surrounding the product consisted of a failure to warn are distinguishable. In each of those cases, the insured had purchased "comprehensive general liability" insurance to protect against the risks associated with the products after they were sold. These insureds, unlike the plaintiff, had not merely purchased insurance to protect against injuries occurring on their premises or injuries associated with the insureds' operations in progress.

Because the plaintiff's claim is specifically excluded by the terms of his insurance policy and because it appears to a certainty that the plaintiff is entitled to no relief under any set of facts, we hold the defendant's Rule 12(b)(6) motion was properly granted.

Affirmed.

Judges WEBB and EAGLES concur.