SHEILA BANNER HANEY (GOLDEN), Plaintiff v. ANTHONY TAIT MILLER, INTEGON INSURANCE COMPANY and ALLSTATE INSURANCE COMPANY, Defendants

No. COA97-89

(Filed 6 January 1998)

**Insurance § 1167 (NCI4th)— named insured—driving father's Porsche—expressly forbidden—not covered**

> The trial court erred in a negligence action arising from an automobile collision by granting summary judgment for plaintiff and declaring that the insurance policy issued by Integon to defendant provided liability coverage where the policy excluded coverage for any person who used a vehicle without a reasonable belief that that person was entitled to do so and defendant had been specifically told never to drive the Porsche involved in the accident. The words "any person" are not ambiguous, have no other defined meaning within the policy and must be given their plain meaning. The Integon policy does not provide liability coverage to defendant's operation of his father's Porsche even though he was the named insured.

Appeal by defendant Integon Insurance Company from order dated 7 August 1995 by Judge James U. Downs in Avery County Superior Court. Heard in the Court of Appeals 17 November 1997.

*No brief for plaintiff appellee.*

*Willardson Lipscomb & Beal, L.L.P., by William F. Lipscomb, for defendant appellant Integon Insurance Company.*

GREENE, Judge.

Integon Insurance Company (Integon) appeals from an order of the trial court granting Sheila Banner Haney's (Golden) (plaintiff) motion for summary judgment.

The facts are as follows: In May of 1993 Anthony T. Miller (defendant) was the named insured in an automobile insurance policy issued by Integon that covered his 1985 Honda automobile. On 1 May 1993, the defendant, while driving a 1983 Porsche automobile (Porsche) owned by his father, Dr. John Joseph Miller, Jr. (Dr. Miller) was involved in an automobile accident with the plaintiff. The defendant testified at a deposition that he did not have permission to drive the Porsche and had been specifically instructed by Dr. Miller never to drive the Porsche. The plaintiff filed a declaratory judgment action on 15 February 1995 seeking to establish that the defendant's automobile insurance policy issued by Integon provided liability coverage for his use of Dr. Miller's Porsche. The automobile insurance policy issued to the defendant excluded liability coverage for "any person" who used "a vehicle without a reasonable belief that that person is entitled to do so." Entering an order on 7 August 1995, the trial court allowed the plaintiff's motion for summary judgment and declared that the defendant's automobile insurance policy issued by Integon did provide liability coverage for the defendant's use of Dr. Miller's Porsche. Integon filed a notice of appeal from this order on 1 September 1995 and this Court dismissed the appeal, pursuant to an opinion filed 5 November 1996, because the plaintiff's negligence action against the defendant and Dr. Miller had not been resolved and the amount of the plaintiff's damages was undetermined. On 16 December 1996 a consent judgment entered in the negligence action established that the plaintiff was injured and her property was damaged because of the defendant's negligence and that she was entitled to $10,000.00 from the defendant.

---

The dispositive issue is whether an automobile insurance policy exclusion, which excludes liability coverage for any person who uses an automobile without a reasonable belief that he has a right to use it, applies to the named insured.

Insurance policies are contracts and the provisions of the policies govern the rights and duties of the parties. *Deason v. J. King Harrison Co.*, 127 N.C. App. 514, ——, 491 S.E.2d 666, 668 (1997). Exclusions from coverage must be strictly construed. *Id.* In this case, the insurance policy in question provides that liability coverage is not extended to "any person . . . [u]sing a vehicle without a reasonable belief that that person is entitled to do so." The words "any person" are not ambiguous and have no other defined meaning within the policy itself and therefore must be given their plain meaning. Our

Supreme Court construing similar policy language held that the words "any person" "encompasses *any* person, whether that person is the named insured, a family member or a third party, unless express exceptions in the policy . . . provide otherwise." *Newell v. Nationwide Mut. Ins. Co.*, 334 N.C. 391, 401, 432 S.E.2d 284, 290 (1993).

In this case there is no dispute that the defendant did not have a reasonable belief that he was entitled to use the Porsche. In fact, he had been specifically instructed never to drive the Porsche. As a result, the Integon policy does not provide liability coverage to the defendant's operation of his father's Porsche, even though he was the named insured in that policy.

Accordingly, the summary judgment entered for the plaintiff is reversed and this case is remanded to the superior court for entry of summary judgment for Integon.

Reversed and remanded.

Chief Judge ARNOLD and Judge McGEE concur.