JULIA McNALLY v. ALLSTATE INSURANCE COMPANY

No. COA00-339

(Filed 3 April 2001)

**Insurance— UIM coverage—signed rejection form ineffective**

The trial court did not err in a declaratory judgment action by determining that a signed rejection form of UIM coverage was ineffective at the time of plaintiff insured's accident, because: (1) UIM coverage was not actually available at the time plaintiff signed the rejection form since plaintiff was not purchasing a policy written at limits that exceeded the minimum limits of $25,000/$50,000, N.C.G.S. § 20-279.21(b)(4); and (2) under a contracts theory, plaintiff's right to reject or waive UIM coverage was not in existence at the time of the "rejection."

Appeal by defendant from judgment entered 21 January 2000 by Judge Marcus L. Johnson in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 January 2001.

*DeVore, Acton and Stafford, P.A. by Fred W. DeVore, III for plaintiff-appellee.*

*Dean & Gibson by Michael G. Gibson for defendant-appellant.*

**McNALLY v. ALLSTATE INS. CO.**

[142 N.C. App. 680 (2001)]

THOMAS, Judge.

Allstate Insurance Company (defendant) appeals from entry of a declaratory judgment which determined a signed rejection form of underinsured motorist (UIM) coverage to be ineffective.

On 21 January 1993, Julia McNally (plaintiff) and her husband, Francis, applied for an automobile insurance policy from defendant. The policy was written with liability insurance coverage of $25,000 per person/$50,000 per accident, which at that time was the statutory minimum. Plaintiff's husband, on both his and his wife's behalf, signed a document which stated in part "I choose to reject Combined Uninsurance/Underinsurance Motorists Coverage and Select Uninsured Motorist Coverage at limits of: Bodily Injury 25/50,000, Property Damage 15,000." It is undisputed that his signature, as an insured under this particular policy, would be valid to bind plaintiff. The policy took effect in April and was renewed with the same coverage limits in October 1993, April 1994 and October 1994. In April of 1995, however, plaintiff and her husband chose to increase the liability coverage to $100,000/$300,000. No new UIM rejection form was signed.

Plaintiff still had the $100,000/$300,000 policy in 1998 when she was seriously injured in a motor vehicle accident. The operator and owner of the vehicle at fault maintained only the minimum required bodily injury coverage of $25,000/$50,000. The "reasonable value" of plaintiff's injuries, by stipulation of the parties in the instant case, clearly exceeded the amount of the other driver's coverage. Plaintiff thus filed a claim for UIM coverage under her own policy. Defendant denied coverage, however, based on the original rejection form signed in 1993.

Plaintiff petitioned for a declaratory judgment to determine whether she had UIM coverage. The trial court ruled there was coverage and from this judgment, defendant appeals.

By the only assignment of error, defendant argues the trial court erred in concluding that plaintiff's purported rejection of UIM coverage was not effective at the time of plaintiff's accident. We disagree.

This is a case of first impression in North Carolina.

Rejection of Uninsured and Underinsured Motorist coverage is governed by N.C. Gen. Stat. § 20-279.21 (b)(4) which states that an automobile insurance policy "[s]hall . . . provide underinsured

motorist coverage, to be used *only with a policy that is written at limits that exceed those prescribed by subdivision (2)* [i.e. $25,000/$50,000] of this section[.]" (Emphasis added). The rejection form signed by plaintiff's husband showed UIM coverage was available to them. However, because plaintiff was not purchasing a policy written at limits that exceeded the minimum limits of $25,000/$50,000, UIM coverage was not actually available. Where the language of a statute is unambiguous, the language of the statute controls. *Britt v. N.C. Sheriffs' Training and Educ. Stnds. Comm'n*, 348 N.C. 573, 501 S.E.2d 75 (1998). Section 20-279.21(b)(4) clearly states UIM coverage is to be provided to policies with limits exceeding the minimum limits unless rejected. Plaintiff was not eligible for UIM coverage at the time the rejection was signed, and the clear textual interpretation of the statute is that the policy at issue was simply not subject to the provisions of N.C. Gen. Stat. § 20-279.21(b)(4).

This presents an issue of whether the rejection form was ambiguous in that it was printed stating "[UIM] . . . coverage options are available to me." Indeed, UIM coverage was available *if* plaintiff opted for higher coverage limits. However, since she did not, UIM coverage was *not* available to her. We note that the rejection form is not objectionable on its face. Promulgated by the North Carolina Rate Bureau and approved by the North Carolina Commissioner of Insurance, it was simply inapplicable to anyone purchasing a minimum limits policy.

In cases of ambiguity, this Court has traditionally and consistently held that there is a presumption of coverage and it is provided wherever possible by liberal construction of the insurance policy. *Allstate Ins. Co. v. Runyon Chatterton*, 135 N.C. App. 92, 518 S.E.2d 814 (1999). In such case, the policy must be construed in favor of coverage and against the insurer. *North Carolina Farm Bureau Mutual Ins. Co. v. Mizell*, 138 N.C. App. 530, 530 S.E.2d 93 (2000); *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 172 S.E.2d 518 (1970). We further note a rejection form signed when the UIM coverage was available to the policyholder can extend beyond subsequent renewals, even when there are modifications. *See* N.C. Gen. Stat. § 20-279.21(b)(4).

Since the purported rejection of underinsured coverage in this case was not valid, we view this matter more properly as a failure to reject underinsured motorist coverage. *See* N.C. Gen. Stat. § 20-279.21(b)(4). At the time of plaintiff's injuries, her highest bodily injury limit was $100,000 per person and $300,000 per accident.

McNALLY v. ALLSTATE INS. CO.

[142 N.C. App. 680 (2001)]

Accordingly, the plaintiff's UIM coverage was in the same amount. *See* N.C. Gen. Stat. § 20-279.21(b)(4).

This conclusion, based on statutory law, is also viable under contract theory. A statute in effect at the time the contract is signed becomes part of the contract. *Hamilton v. Travelers Indem. Co.*, 77 N.C. App. 318, 335 S.E.2d 228 (1985). An insurance policy is a contract. *Gaston County Dyeing Mach. Co. v. Northfield Ins. Co.*, 351 N.C. 293, 524 S.E.2d 558 (2000); *Deason v. J. King Harrison Co., Inc.*, 127 N.C. App. 514, 491 S.E.2d 666 (1997). A party may waive a contract right by an intentional and voluntary relinquishment. *Nye v. Lipton*, 50 N.C. App. 224, 273 S.E.2d 313 (1980). However, a person cannot waive a right that does not exist. *Fetner v. Rocky Mount Marble & Granite Works*, 251 N.C. 296, 302, 111 S.E.2d 324, 328 (1959). Nor may a party "waive a right before he or she is in a position to assert it." 28 Am. Jur. 2d *Estoppel and Waiver* § 201 (2000). There was simply no consideration in the instant case. Plaintiff's right to reject or waive UIM coverage was not in existence at the time of the "rejection."

> [W]aiver is the intentional relinquishment of a known right, either express or to be implied[.] . . . "It is where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right."

*Danville Lumber & Manuf. Co. v. Gallivan Bldg.*, 177 N.C. 103, 113, 97 S.E. 718, 720 (1919) (quoting Bishop on Contracts, § 792). Plaintiff was not in possession of a right to UIM coverage. Thus, the lack of the existence of the right renders the waiver ineffective.

Additionally, a meaningful discussion of UIM coverage is unlikely when the applicant is not in a position to purchase and the agent is not in a position to sell the coverage. This is consistent with the plain meaning of the statute and the legislative intent to provide UIM coverage to those who purchase policies with liability coverage higher than the mandatory minimum, absent appropriate rejection.

For the reasons stated herein, we affirm the trial court.

AFFIRMED.

Judges MARTIN and TIMMONS-GOODSON concur.