MARILYN JEAN BRITT, Petitioner v. N.C. SHERIFFS' EDUCATION AND TRAINING
STANDARDS COMMISSION, Respondent

No. COA96-1481

(Filed 2 December 1997)

**Sheriffs, Police, and Other Law Enforcement Officers § 31 (NCI4th)— certification of deputy—prior p.j.c.—not a conviction**

The trial court correctly reversed the N. C. Sheriffs' Education and Training Standards Commission where plaintiff was indicted for felonious perjury for testimony in a divorce proceeding, pled no contest to the misdemeanor of obstruction of justice, the State dismissed the felony charge, the court issued a prayer for judgment continued in 1992, plaintiff was appointed a deputy sheriff in 1994, a background check subsequent to her certification revealed the no contest plea, and the Commission

ordered the certification revoked. Although the applicable regulations provide that certification may be revoked upon conviction of a Class B misdemeanor, including entry of a plea of no contest, a conviction occurs only when there is an entry of judgment. The issuance of a prayer for judgment continued upon payment of costs does not constitute the entry of judgment.

Appeal by respondent from order filed 26 September 1996 by Judge W. Allen Cobb, Jr. in Onslow County Superior Court. Heard in the Court of Appeals 22 October 1997.

*Charles K. Medlin, Jr., for petitioner appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General John J. Aldridge, III, for the respondent appellant.*

GREENE, Judge.

The North Carolina Sheriffs' Education and Training Standards Commission (Commission) appeals from an order of the Onslow County Superior Court (trial court) reversing the final agency decision of the Commission revoking the deputy sheriff certification for Marilyn Britt (plaintiff).

The facts reveal: In February of 1990 the plaintiff was indicted for felonious perjury based on her February 1989 testimony in a divorce proceeding. On 10 April 1992, the plaintiff pled no contest to the misdemeanor offense of obstruction of justice as part of a plea arrangement under which the State agreed to dismiss the felony charge. Judge Henry L. Stevens, III, accepted plaintiff's plea of no contest and a "prayer for judgment [was] continued upon payment of the costs."

On 5 September 1994, the plaintiff was appointed as a deputy sheriff of Onslow County. The plaintiff applied for and received certification as a deputy sheriff through the Commission effective 14 September 1994. A subsequent background check revealed the plaintiff's plea of no contest to the obstruction of justice charge. On 8 December 1994, the plaintiff was notified by the Commission that probable cause existed to revoke her certification as a deputy sheriff because of her no contest plea to the misdemeanor offense of obstruction of justice on 10 April 1992. The plaintiff requested an administrative hearing pursuant to Chapter 150B of the North Carolina General Statutes. In its final agency decision (after a recommended decision by an administrative law judge), the Commission

**BRITT v. N.C. SHERIFFS' EDUC. AND TRAINING STANDARDS COMM.**

[128 N.C. App. 81 (1997)]

ordered that the plaintiff's sheriff's certification be revoked. The plaintiff appealed that decision to the trial court and that court reversed the Commission, concluding that the issuance of a prayer for judgment continued upon the payment of the costs on the plaintiff's no contest plea was not a "conviction" within the meaning of the regulations authorizing revocation of a previously issued certification.

The dispositive issue is whether a plea of no contest and a subsequent issuance of a prayer for judgment continued upon the payment of costs is a "conviction" within the meaning of 12 NCAC 10B.0204(d)(2).

The North Carolina Administrative Code regulations governing the Commission provide that certification may be denied, suspended, or revoked if the officer has been "convicted" of a Class B misdemeanor within five years before the date of appointment. 12 NCAC 10B.0204(d)(2) (Supp. 1995). The regulations further provide that a "conviction" includes "the entry of . . . a plea of no contest, nolo contendere, or the equivalent." 12 NCAC 10B.0103(2)(c) (Supp. 1995). It thus follows, the Commission contends, that the plaintiff's no contest plea to the misdemeanor (which the parties do not dispute is a Class B misdemeanor within the meaning of 12 NCAC 10B.0103(10)(b)) constitutes a "conviction" and supports the decision of the Commission to revoke the plaintiff's certification.

We agree with the Commission that a no contest plea *can* constitute a "conviction." It does not follow, however, that every no contest plea constitutes a "conviction" within the meaning of the regulations. A "conviction" occurs, in a legal sense, only when there is a subsequent entry of a judgment. Without the entry of a judgment, there can be no "conviction." *See Barbour v. Scheidt, Comr. of Motor Vehicles*, 246 N.C. 169, 173, 97 S.E.2d 855, 858 (1957); 24 C.J.S. *Criminal Law* § 1458, 2-4 (1989). The issuance of a "prayer for judgment continued upon the payment of costs, without more, does not constitute the entry of judgment." N.C.G.S. § 15A-101(4a) (1988). It thus follows that a plea of no contest with the subsequent issuance of a prayer for judgment continued upon the payment of costs does not constitute a "conviction" within the meaning of the regulations of the Commission.

In this case the plaintiff, after pleading no contest to the misdemeanor, received a prayer for judgment continued upon payment of costs. There was thus no entry of judgment in her case and therefore

no "conviction" to support the revocation of her certification by the Commission. The trial court accordingly correctly reversed the Commission.[1]

The Commission raises several other assignments of error and we have reviewed and overrule each of them.

Affirmed.

Judges JOHN and TIMMONS-GOODSON concur.

---

1. We note that the order of the trial court does contain some language suggesting that it intends to adopt the opinion of the administrative law judge in some modified form. We have disregarded this language because it conflicts with the unambiguous language of the trial court concluding that the no contest plea could not be used by the Commission to support a revocation of the plaintiff's certification.