MARILYN JEAN BRITT, Petitioner v. N.C. SHERIFFS' EDUCATION AND TRAINING STANDARDS COMMISSION, Respondent

No. 600PA97

(Filed 9 July 1998)

**1. Administrative Law and Procedure § 65 (NCI4th)— interpretation of regulatory term—de novo review**

When the issue on appeal is whether a state agency erred in interpreting a regulatory term, an appellate court may freely substitute its judgment for that of the agency and employ *de novo* review. However, the interpretation of a regulation by an agency created to administer that regulation is traditionally accorded some deference by appellate courts.

**2. Sheriffs, Police, and Other Law Enforcement Officers § 31 (NCI4th)— justice officer—class B misdemeanor—no contest plea—PJC—conviction—revocation of certification**

A deputy sheriff's plea of no contest to the class B misdemeanor of obstruction of justice, followed by the trial court's entry of a prayer for judgment continued upon the payment of costs, constituted a "conviction" which permitted revocation of her certification under a regulation allowing revocation, suspension, or denial of a justice officer's certification when the officer has been convicted of a class B misdemeanor within the five-year period prior to the date of appointment. The regulation provided that a conviction includes the entry of a plea of no contest, and

the fact that the trial court issued a prayer for judgment continued does not alter the plain language of the regulation.

**3. Sheriffs, Police, and Other Law Enforcement Officers § 31 (NCI4th)— justice officer—commission of class B misdemeanor—revocation of certification**

A deputy sheriff's certification as a justice officer could properly be revoked on the ground that she "has committed" a class B misdemeanor irrespective of whether she was "convicted" when she entered a plea of no contest to a class B misdemeanor, followed by the trial court's entry of a prayer for judgment continued, where she does not contest that she in fact committed a class B misdemeanor.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 128 N.C. App. 81, 493 S.E.2d 86 (1997), affirming an order entered by Cobb, J., on 26 September 1996 in Superior Court, Onslow County, that reversed the final agency decision of the North Carolina Sheriffs' Education and Training Standards Commission revoking plaintiff's deputy sheriff's certification. Heard in the Supreme Court 27 May 1998.

*Charles K. Medlin, Jr., for petitioner-appellee.*

*Michael F. Easley, Attorney General, by John J. Aldridge, III, Assistant Attorney General, for respondent-appellant.*

WHICHARD, Justice.

The North Carolina Sheriffs' Education and Training Standards Commission (Commission) appeals from a decision of the Court of Appeals reviewing the Commission's interpretation and application of the North Carolina Administrative Code provisions governing the certification of justice officers in this state.

The facts giving rise to this appeal are not in dispute. In February 1990 Marilyn Jean Britt, petitioner, was indicted for felonious perjury based on her false testimony under oath in a divorce proceeding. On 10 April 1992, as part of a plea arrangement under which the State agreed to dismiss the felonious perjury charge, petitioner pled no contest to the misdemeanor offense of obstruction of justice. Petitioner understood that she could receive a maximum sentence of two years' imprisonment for this offense. After accepting petitioner's

plea of no contest, however, the superior court entered a prayer for judgment continued upon payment of the costs.

On 5 September 1994 petitioner was appointed to be a deputy with the Onslow County Sheriff's Department. Petitioner applied for and received certification as a Deputy Sheriff effective 14 September 1994. A subsequent background check by the Commission revealed petitioner's no-contest plea.

On 8 December 1994 the Commission notified petitioner that probable cause existed to revoke her certification as a justice officer based upon her conviction of the class B misdemeanor offense of obstruction of justice. Petitioner requested an administrative hearing pursuant to Chapter 150B of the North Carolina General Statutes. The Commission held a hearing and in its final agency decision ordered that petitioner's sheriff's certification be revoked pursuant to 12 NCAC 10B .0204(d)(2), the regulation authorizing revocation of a previously issued sheriff's certification. Petitioner appealed to the trial court pursuant to N.C.G.S. § 150B-43. The trial court reversed the Commission, concluding that petitioner had not been "convicted" of a class B misdemeanor within the meaning of that term as used in 12 NCAC 10B .0204(d)(2). On the Commission's appeal, the Court of Appeals affirmed, holding that a plea of no contest, followed by a prayer for judgment continued, was not a "conviction" under the North Carolina Administrative Code, and that the Commission improperly revoked petitioner's certification. *Britt v. N.C. Sheriffs' Educ. & Training Standards Comm'n*, 128 N.C. App. 81, 83-84, 493 S.E.2d 86, 87 (1997).

The Commission contends that petitioner's plea of no contest was a "conviction" for purposes of petitioner's deputy sheriff's certification despite the trial court's entry of a prayer for judgment continued. We agree.

The Administrative Procedure Act (APA) governs this appeal and defines the scope of our review of the Commission's final agency decision. N.C.G.S. § 150B-51 provides that a court reviewing a final agency decision may

reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C.G.S. § 150B-51(b) (1995). This appeal presents an issue under N.C.G.S. § 150B-51(b)(4): Was the Commission's interpretation of "conviction," as used in 12 NCAC 10B .0204(d)(2) (quoted in pertinent part below), affected by an error of law?

**[1]** When the issue on appeal is whether a state agency erred in interpreting a regulatory term, an appellate court may freely substitute its judgment for that of the agency and employ *de novo* review. *See Brooks v. McWhirter Grading Co.*, 303 N.C. 573, 580-81, 281 S.E.2d 24, 29 (1981). However, the interpretation of a regulation by an agency created to administer that regulation is traditionally accorded some deference by appellate courts. *See id.* at 581, 281 S.E.2d at 29.

**[2]** The Commission administers the North Carolina Administrative Code regulations at issue here. N.C.G.S. § 17E-4 (1997). These regulations provide that "[t]he Commission may revoke, suspend or deny the certification of a justice officer when the Commission finds that . . . the certified officer has *committed or been convicted of*: . . . a crime or unlawful act defined in 12 NCAC 10B .0103(10)(b) as a Class B misdemeanor within the five-year period prior to the date of appointment." 12 NCAC 10B .0204(d)(2) (Nov. 1995) (emphasis added). They also explain that " 'Convicted' or 'Conviction' means and includes, for purposes of this Chapter, the entry of: . . . a plea of no contest." 12 NCAC 10B .0103(2)(c) (Nov. 1995).

These regulations are unambiguous. When the language of regulations is clear and unambiguous, there is no room for judicial construction, and courts must give the regulations their plain meaning. *See Correll v. Division of Social Serv.*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992). Applying the clear meaning of these regulations to the facts here, petitioner's plea of no contest to the class B misdemeanor offense of obstruction of justice was a "conviction" under 12 NCAC 10B .0103(2)(c), and the Commission, pursuant to 12 NCAC

10B .0204(d)(2), could revoke petitioner's certification as a justice officer based upon that conviction.

The fact that the trial court issued a prayer for judgment continued does not alter the plain language of these regulations. Nothing in the regulations suggests that "conviction" means and includes a plea of no contest only in those instances in which the trial court does not enter a prayer for judgment continued. Further, this Court and the General Assembly have recognized that a plea may amount to a "conviction" despite the issuance of a prayer for judgment continued. *See State v. Sidberry*, 337 N.C. 779, 781-82, 448 S.E.2d 798, 800-01 (1994) (holding that a guilty plea amounted to a "conviction" despite the fact that it was followed by the entry of a prayer for judgment continued); N.C.G.S. § 15A-1331(b) (1997) (recognizing that "a person has been convicted when he . . . has entered a plea of guilty or no contest," regardless of the judgment imposed).

We thus conclude that, in the context presented, the Commission properly interpreted "conviction" to include a plea of no contest followed by a prayer for judgment continued. We also conclude that the Commission properly revoked petitioner's deputy sheriff's certification under 12 NCAC 10B .0204(d)(2) based upon such a conviction.

[3] Alternatively, 12 NCAC 10B .0204(d)(2) permits the Commission to revoke, suspend, or deny the certification of a certified officer if that officer *has committed* a class B misdemeanor. Petitioner does not contest that she in fact committed a class B misdemeanor. Thus, the Commission could have revoked petitioner's certification under 12 NCAC 10B .0204(d)(2) without relying upon petitioner's conviction.

For the reasons stated, we reverse the decision of the Court of Appeals and remand the case to the Court of Appeals for further remand to the Commission for reinstatement of the Commission's final agency decision.

REVERSED AND REMANDED.