STATE OF NORTH CAROLINA v. JARVIS S. HASTY AND HARVEY LEE STEWART

No. COA98-1098

(Filed 15 June 1999)

**1. Criminal Law— instructions—acting in concert**

There was no plain error in a prosecution of two defendants for armed robbery and attempted armed robbery where the State's evidence tended to show that defendants were acting in concert and each defendant contends that the instructions would allow the jury to convict both defendants if either committed the robbery. It is unlikely that the trial transcript accurately reports the statement made by the court, particularly because the court gave counsel an opportunity to object or offer corrections shortly after making the statement in question and all the attorneys answered in the negative. Furthermore, taking the entire initial charge and the restatement after a question as a whole, a rational juror would not have been misled.

**2. Sentencing— structured—prior conviction—offense committed while on probation**

The trial court did not err when sentencing defendant Hasty for armed robbery and attempted armed robbery by considering him to have a prior conviction for possession of cocaine with intent to sell or deliver where defendant was on probation under N.C.G.S. § 90-96(a), which provides that proceedings against the defendant will be dismissed and not considered a conviction upon the fulfillment of terms and conditions. Defendant's entry of a guilty plea to possession of cocaine followed by probation was

a conviction for purposes of the Structured Sentencing Act and defendant's contention that the result is contrary to the purpose of N.C.G.S. § 90-96 is unpersuasive; within a few months of being placed on probation, defendant violated its terms by commission of these felonies.

Appeal by defendants from judgments entered 23 March 1998 by Judge Richard L. Doughton in Mecklenburg County Superior Court. Heard in the Court of Appeals 28 April 1999.

On the evening of 7 September 1997, Thomas Downs (Downs), Shawn Keeler (Keeler), and David Addeo (Addeo) were walking home from a party when they were accosted by three men who demanded their money. At gunpoint, the men took Downs' wallet (which held his student ID, his driver's license, and his credit cards), $16.00 in cash, and some change. During the encounter, Addeo threw his credit cardholder on the ground. The robbers then ran away from the scene. The victims reported the incident to police and gave statements to the investigating officers.

Jarvis S. Hasty and Harvey Lee Stewart (defendants) were indicted for the armed robbery of Downs and the attempted armed robbery of Keeler and Addeo. At trial, the three victims identified defendant Stewart as the man who made the initial demand for their money, and defendant Hasty as the man who held the gun to Downs' head while taking his property. A jury found both defendants guilty on all counts, the trial court sentenced them within the presumptive range of punishment, and both appealed to this Court.

*Attorney General Michael F. Easley, by Assistant Attorney General John G. Barnwell, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Julie Ramseur Lewis, for defendant appellant Jarvis S. Hasty.*

*Grant Smithson for defendant appellant Harvey Lee Stewart.*

HORTON, Judge.

The issues in this case are whether: (I) the trial court committed plain error in its charge to the jury for (A) robbery with a firearm, and (B) attempted robbery with a firearm; and (II) the trial court committed plain error in determining defendant Hasty's sentencing level.

## I. Jury Instructions

[1] We note initially that neither defendant objected at trial to any portion of the instructions to the jury as required by Rule 10(b)(2) of the Rules of Appellate Procedure. We are asked by defendants to consider whether the trial court committed "plain error" in its jury instructions. In adopting the plain error rule, our Supreme Court defined plain error as an error so prejudicial that it amounts to a denial of a fair trial to the defendant. *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). In *Odom*, however, the Supreme Court also pointed out that:

> The adoption of the "plain error" rule does not mean that every failure to give a proper instruction mandates reversal regardless of the defendant's failure to object at trial. To hold so would negate Rule 10(b)(2) which is not the intent or purpose of the "plain error" rule. The purpose of Rule 10(b)(2) is to encourage the parties to inform the trial court of errors in its instructions so that it can correct the instructions and cure any potential errors before the jury deliberates on the case and thereby eliminate the need for a new trial. Indeed, even when the "plain error" rule is applied, "[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court."

*Id.* at 660-61, 300 S.E.2d at 378 (citations omitted).

In this case, the State's evidence tended to show that defendants were acting in concert to commit, or attempt to commit, robbery while each of the defendants offered evidence of an alibi, and denied any complicity in the incident. Each defendant now contends that the charge of the trial court would allow the jury (A) to convict both defendants of the armed robbery of Downs if the jury found that either committed the armed robbery, and (B) to convict both defendants of the attempted armed robbery of Keeler and Addeo if the jury found that either of them attempted to commit armed robbery. We disagree for the reasons set out below.

### A. Jury Charge as to Armed Robbery

On the charge of armed robbery, the trial court initially charged the jury as follows:

> The Defendants have been accused of robbery with a firearm, which is the taking and carrying away the personal property of

**STATE v. HASTY**

[133 N.C. App. 563 (1999)]

another from his person or in his presence without his consent, by endangering or threatening a person's life with a firearm, the taker knowing that he was not entitled to take the property and intending to deprive another of its use permanently.

Now, I charge that for you to find the Defendant guilty of robbery with a firearm, the State must prove seven things beyond a reasonable doubt:

First, that the Defendants took property from the person of another in his presence.

Second, that the Defendants carried away the property.

Third, that the person did not voluntarily consent to the taking and carrying away of the property.

Fourth, that the Defendant knew he was not entitled to take the property.

Fifth, that at the time of the taking, the Defendants intented [*sic*] to deprive that person of its use permanently.

Sixth, that the Defendants had a firearm in their possession at the time they obtained the property.

And seventh, that the Defendant obtained the property by endangering or threatening the life of that person with a firearm.

So I charge that if you find from the evidence beyond a reasonable doubt that on or about the alleged date, either Defendant, acting either by himself or acting together with the other Defendant, had in their possession a firearm, and took and carried away the property from the person or presence of a person without his voluntary consent by endangering or threatening his life with the use or threatened use of a firearm, the Defendant or each of them knowing that he was not entitled to take the property and intending to deprive the person of its use permanently, it would be your duty to return a verdict of guilty of robbery with a firearm.

However, if you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

**STATE v. HASTY**

[133 N.C. App. 563 (1999)]

After the jury retired to deliberate on the charges, it submitted three questions in writing to the trial court:

What does the law about the two being together mean? Are they being tried jointly or separately? Can you find one guilty and the other not guilty?

The following colloquy then occurred between the trial court and counsel for the State and defendants before the jury returned to the courtroom:

THE COURT: Looks to me like I need to tell them that each Defendant, even though they're being tried together, the Jury can find either one guilty of any charge or not guilty of any charge.

I also think I need to read them the "acting in concert," the "robbery with firearm," and the "general attempt" charge together again and just let that be it.

What do you all have to say?

MR. FRAZIER: Yes, sir. I would concur Your Honor.

MS. THOMAS: I would concur.

MS. MITCHELL: State agrees.

THE COURT: I don't think I need to give the whole—what they're asking for is "acting in concert." So I'll read the "acting in concert," the "robbery with firearm," and the "attempt" charges again.

MR. FRAZIER: And you will explain, Your Honor, they can—

THE COURT: I will tell them that the—the two are on trial together, but that each person is facing three charges each. They can be found guilty of any charge or not guilty of any charge.

Is there anything else that I need to say about that?

MR. FRAZIER: No, sir.

MS. THOMAS: No, Your Honor.

THE COURT: Miss Mitchell, what do you say?

MS. MITCHELL: Your Honor, I think your approach is about as proper as you can get in light of the questions being asked. I don't think there's really anything else that can be said to the Jury.

THE COURT: Well, I don't want to say any more than I have to, but I've got to answer the question.

Bring them in.

In answering the three questions presented by the jury, the trial court stated the following:

You have six verdict forms that were sent back to you. Each of the two Defendants are being tried for three offenses each, one count of robbery and two counts of attempted robbery. You can find either of the two Defendants either/or not guilty of any charge. Any of the charges.

Now, I want to read a portion of the charge that I previously gave you. And I would ask you to listen up as well as you can.

For a person to be guilty of a crime, it is not necessary that he himself do all of the acts necessary to constitute the crime. If two or more persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty of the crime of robbery with a firearm or attempted robbery with a firearm if the other commits the crime, but he is also guilty of any other crime committed by the other in persuance [*sic*] of a common purpose to commit robbery with a firearm or attempted robbery with a firearm or a natural or probable consequence thereof.

The Defendants have been accused of robbery with a firearm, which is taking and carrying away the personal property of another from his person or in his presence without his consent, by endangering or threatening a person's life with a firearm, the taker knowing that he was not entitled to take the property and intending to deprive another of its use permanently.

Now, I charge that for you to find the Defendants guilty—or either Defendant guilty of robbery with a firearm, the State must prove seven things beyond a reasonable doubt:

First, that the Defendant took property from the person of another or in his presence.

Second, that the Defendant carried away the property.

Third, that the person did not voluntarily consent to the taking and carrying away of the property.

Fourth, that the Defendant knew he was not entitled to take the property.

Fifth, that at the time of the taking, the Defendant intended to deprive that person of its use permanently.

Sixth, that the Defendant had a firearm in his possession at the time he obtained the property.

And seventh, that the Defendant obtained the property by endangering or threatening the life of that person by a firearm.

So I charge that if you find from the evidence beyond a reasonable doubt that on or about the alleged date, either the Defendant, acting either by himself or acting together with the other Defendant, had in his possession a firearm, and took and carried away property from the person or presence of a person without his voluntary consent, by endangering or threatening his life with the use or threatened use of a firearm, the Defendant knowing that he was not entitled to take the property and intending to deprive that person of its use permanently, it would be your duty to return a verdict of guilty of robbery with a firearm.

However, if you do not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

The jury retired to resume its deliberations, and eventually returned verdicts of guilty as to each defendant on the charge of armed robbery of Downs. Defendants argue that the trial court did not cure its original misleading and erroneous instruction as its second instruction was also confused. Defendants specifically point to the trial court's statement that, "You can find either of the two Defendants either/or not guilty of any charge. Any of the charges." Indeed, the quoted portion of the charge is not artfully stated, but the State suggests that either it is a *lapsus linguae* on the part of the trial court, or an erroneous transcription by the court reporter.

We agree with the State that it is unlikely that the trial transcript accurately reports the statement made by the able trial court, particularly because shortly after making the statement in question, the trial court again gave counsel an opportunity to object or offer corrections to his restatement of the charge. All the attorneys answered in the negative when asked if they had corrections or objections.

Furthermore, the statement in question must be read in the context of the entire initial charge and the restatement by the trial court. When both the charge and restatement are taken as a whole, we do not believe that any rational juror could have been misled. The restatement made it clear that in order to convict each defendant it had to find that the defendant either committed armed robbery on his own, or that the defendant acted in concert with the other defendant to commit armed robbery. Indeed, the trial court's instruction to the jury on acting in concert makes the point abundantly clear.

### B. Jury Charge as to Attempted Armed Robbery

As to the jury instructions on the charges of attempted armed robbery, we have much the same situation. The trial court initially gave the jury the following mandate on the charges:

> So I charge that if you find from the evidence beyond a reasonable doubt that on or about the alleged date, either Defendant, acting either by himself or acting together with the other Defendant, intended to commit robbery with a firearm and performed an act or acts which were designed to bring this about, but which fell short of the completed offense, it would be your duty to return a verdict of guilty of attempted—attempted robbery with a firearm *as to that Defendant.*

(Emphasis added.)

After the jury returned with the questions set out above, the trial court restated the charge as to attempted armed robbery as set forth above. Read fairly, the charge makes it clear that the jury may return a verdict of guilty as to either of the defendants only if it finds beyond a reasonable doubt that the defendant either acted by himself to attempt to rob the victims, or that the defendant acted in concert with the other defendant. That is a correct and adequate statement of the applicable law, particularly when read together with the trial court's instruction on acting in concert. The assignments of error of each defendant as to the jury instructions are overruled.

### II. Sentencing Factors

[2] Defendant Hasty next argues that the trial court erred in considering him to have a prior conviction of possessing cocaine with the intent to sell or deliver it. At the time of the offenses which are the subject of this appeal, defendant Hasty was on probation

under the provisions of N.C. Gen. Stat. § 90-96(a) (1997). That statute provides in pertinent part as follows:

> Whenever any person who has not previously been convicted of any offense under this Article or under any statute of the United States or any state relating to those substances included in Article 5 or 5A of Chapter 90 or to that paraphernalia included in Article 5B of Chapter 90 pleads guilty to or is found guilty of (i) a misdemeanor under this Article by possessing a controlled substance included within Schedules II through VI of this Article or by possessing drug paraphernalia as prohibited by G.S. 90-113.21, or (ii) a felony under G.S. 90-95(a)(3) by possessing less than one gram of cocaine, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as it may require. . . . Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime including the additional penalties imposed for second or subsequent convictions under this Article.

*Id.*

At the time of defendant Hasty's conviction and sentencing on the charges involved herein, he was still on probation under § 90-96, and thus argues he had not been "convicted" for the purposes of the Structured Sentencing Act. The Structured Sentencing Act defines "prior conviction" as follows:

> A person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has been previously convicted of a crime[.]

N.C. Gen. Stat. § 15A-1340.11(7) (1997). N.C. Gen. Stat. § 15A-1331(b) provides that "[f]or the purpose of imposing sentence, a person has been convicted when he has been adjudged guilty *or has entered a plea of guilty* or no contest." (Emphasis added.)

We believe that the statute is clear when it states that "conviction" includes the entry of a plea of guilty. "It is settled law in this

State that a plea of guilty, freely, understandingly, and voluntarily entered, is equivalent to a conviction of the offense charged." *State v. Watkins*, 283 N.C. 17, 27, 194 S.E.2d 800, 808, *cert. denied*, 414 U.S. 1000, 38 L. Ed. 2d 235 (1973). Defendant Hasty's plea to the cocaine charge in question is included in the record on appeal, and reflects that he pled guilty to the charge on 25 June 1997 "freely, voluntarily, and understandingly" and was placed on "90-96" probation on certain conditions. Our Supreme Court has also held that an entry of "prayer for judgment continued" following a plea of guilty by a criminal defendant may amount to a "conviction." *State v. Sidberry*, 337 N.C. 779, 782, 448 S.E.2d 798, 800-01 (1994). *See also, Britt v. North Carolina Sheriffs' Educ. And Training Stds. Comm'n*, 348 N.C. 573, 576-77, 501 S.E.2d 75, 77 (1998) (holding that plea of no contest followed by issuance of a prayer for judgment was a "conviction" for purposes of provisions of the North Carolina Administrative Code governing the certification of police officers). Based on the plain language of the statute, and the holdings of our Supreme Court in *Sidberry* and *Watkins*, we conclude that defendant Hasty's entry of a plea of guilty to possession of cocaine followed by probation under the provisions of N.C. Gen. Stat. § 90-96 was a "conviction" for the purposes of the Structured Sentencing Act.

We do not believe this result is unjust. A defendant who is placed on probation pursuant to the provisions of N.C. Gen. Stat. § 90-96 is given the opportunity to comply with the conditions and have the charges against him dismissed. "Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of this section . . . ." N.C. Gen. Stat. § 90-96. Unfortunately for defendant Hasty, within a few months of being placed on probation, he violated its terms by commission of the felonies involved herein, thereby violating the express condition that he "commit no criminal offense in any jurisdiction."

Defendant's contention that the result of assessing a point against him for the cocaine charge is contrary to the stated purpose and intent of N.C. Gen. Stat. § 90-96 because the charge might later be discharged and dismissed by the trial court, and thus he would not have a "conviction" for the cocaine offense, is unpersuasive. Under these circumstances, we do not agree that the legislative intent apparent in the enactment of N.C. Gen. Stat. § 90-96 is thwarted. This assignment of error, therefore, is overruled.

There being no prejudicial error in the trial of either defendant, their convictions are affirmed.

No error.

Judges LEWIS and TIMMONS-GOODSON concur.