AETNA CASUALTY & SURETY CO. v. NATIONWIDE MUT. INS. CO.

[95 N.C. App. 178 (1989)]

AETNA CASUALTY & SURETY COMPANY, PLAINTIFF v. NATIONWIDE MUTUAL INSURANCE COMPANY, WILLIAM T. SAWYER, JR., JOHN WILLIAM SLATER, JR., AND RALPH LANDON McLEAN, DEFENDANTS

No. 895SC182

(Filed 15 August 1989)

**Insurance § 90 — automobile liability insurance — exclusion — driver's subjective reasonable belief that he was entitled to use vehicle — question of fact**

In an action to determine insurance coverage on a truck driven by an employee of insured, the trial court erred in entering summary judgment for plaintiff insurer where plaintiff's policy provided coverage for persons who had a subjective reasonable belief that they were entitled to use the vehicle, and where there is a question as to a party's subjective belief, as here, the question should be submitted to the jury because state of mind is a question of fact. Moreover, plaintiff could not rely on the position that an absence of a driver's license demonstrated that the driver could not have reasonably believed that he was entitled to drive, because the driver may have known that he had no legal right to drive but nevertheless may have had a reasonable belief that he was "entitled" to drive based upon the permission of the person possessing the car.

Judge PARKER dissenting.

APPEAL by defendants Nationwide Mutual Insurance Company and Ralph Landon McLean from *Llewellyn (James D.), Judge.* Order entered 14 October 1988 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 17 May 1989.

*Poisson, Barnhill & Britt, by James R. Sugg, Jr., for plaintiff-appellee.*

*Murchison, Taylor, Kendrick, Gibson & Davenport, by Vaiden P. Kendrick, for defendants Nationwide Mutual Insurance Company and Ralph Landon McLean.*

ORR, Judge.

On 3 October 1986, an auto collision occurred between John Slater and Ralph McLean. At the time, Slater was driving a truck

AETNA CASUALTY & SURETY CO. v. NATIONWIDE MUT. INS. CO.

[95 N.C. App. 178 (1989)]

owned by William Sawyer. Sawyer's truck was insured for liability through Aetna Casualty & Surety Company (Aetna). McLean filed an action against Slater for damages which he sustained in the crash.

Thereafter, Aetna filed this declaratory judgment action. Its complaint states that Slater is not an insured motorist under the terms of its policy with Sawyer, the owner of the truck. Instead, Aetna alleged that its policy does not cover Slater because Slater was "using [the] vehicle without reasonable belief that [he . . . was] entitled to do so" in contravention of section A(8) in the "EXCLUSIONS" portion of its policy. Aetna asked for a declaration that if it was liable to McLean at all, then its liability would be limited to $25,000.00. That is the maximum amount of liability insurance which a motorist is required to carry under G.S. 20-279.21(b)(2). However, that amount is less than the amount provided for under Sawyer's policy with Aetna. Later on, Aetna amended its complaint and asked for a declaration that if McLean was awarded a judgment against Slater which exceeded $25,000.00, then Nationwide Mutual Insurance Company (Nationwide) would pay McLean such amounts in accordance with its uninsured motorist coverage with McLean.

Defendants denied all material allegations and moved to strike plaintiff's amended complaint. Following defendant's answer, Aetna moved the court for summary judgment under G.S. 1A-1, Rule 56(c). The court reviewed the motion and its supporting affidavits and granted the motion. Nationwide and McLean appeal.

The sole question raised by defendants' appeal is whether summary judgment was improperly granted for plaintiff. According to appellants, Aetna's policy with Sawyer, the owner of the truck driven by Slater, must provide coverage to McLean if it is determined that Slater was driving Sawyer's truck with a reasonable belief that he was entitled to do so. Appellants contend that since Slater's subjective belief is a question of fact which was not resolved by Aetna's complaint or supporting affidavit, summary judgment in Aetna's favor was inappropriate. On the other hand, Aetna argues that Slater was driving without permission from Sawyer and that its policy does not extend to him. In the alternative, Aetna contends that Slater was driving without a license and he could not have reasonably believed that he was entitled to drive Sawyer's truck.

Summary judgment may '. . . be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' G.S. 1A-1, Rule 56(c). . . . The rule does not contemplate that the court is to decide an issue of fact, but rather it impels the court to determine whether a real issue of fact exists.

*Insurance Co. v. Chantos*, 25 N.C. App. 482, 484-85, 214 S.E.2d 438, 441, *cert. denied*, 287 N.C. 465, 215 S.E.2d 624 (1975).

In the case at bar, Aetna's policy with Sawyer provides in Part A, entitled "LIABILITY COVERAGE," that a "covered person [is] . . . [a]ny person using your covered auto." However, under the exclusionary section of the policy, section A states "[w]e do not provide Liability Coverage for any person: . . . 8. Using a vehicle without a reasonable belief that that person is entitled to do so." Based upon this language, for an order of summary judgment to have been entered by the court below, Aetna's pleadings and/or other materials must have compelled the conclusion that Slater was not using Sawyer's truck under a reasonable belief of entitlement.

The record reveals that William Sawyer loaned his truck to one employee, Fall, who loaned it to another employee, Slater, who had the accident. The accident occurred while Slater was out running an errand at the request of Fall. Sawyer, the truck owner, had given Fall permission to drive the truck, but did not give Slater permission. A portion of the transcript testimony from Slater is as follows:

Q. Mr. Slater, when Mr. Faw [Fall] gave you the truck that night, did you believe that you were entitled to use the truck?

A. No, not really, because I know that it's wrong to be driving a car without a license regardless of what goes on, . . . .

Q. So the reason you didn't think you should be driving was because you didn't have a license; is that correct?

A. Right, I didn't tell him that. No, I didn't tell him.

Aetna contends that since Slater admits that he knew he was not entitled to drive because he did not have a license, no coverage

AETNA CASUALTY & SURETY CO. v. NATIONWIDE MUT. INS. CO.

[95 N.C. App. 178 (1989)]

can be extended to him as an uninsured motorist. We disagree with this position.

First of all, plaintiff's policy substantially broadens the coverage which it provides beyond those who use the covered vehicle with permission. It now covers persons who have a subjective, reasonable belief that they are entitled to use the vehicle. Consequently, in cases such as the one at bar, where there is a question as to a party's subjective belief, the question should be submitted to the jury because state of mind is a question of fact. *See Bank v. Belk*, 41 N.C. App. 328, 255 S.E.2d 430, *cert. denied*, 298 N.C. 293, 259 S.E.2d 299 (1979).

Moreover, plaintiff incorrectly relies on the position that an absence of a driver's license demonstrates that Slater could not have reasonably believed that he was entitled to drive. While such an absence may demonstrate that he knew he had no legal right to drive, that is distinguishable from the dispositive question of Slater's reasonable belief of being "entitled" to drive the car based upon the permission of the person possessing the car.

Therefore, we find that the court erred in granting plaintiff's motion for summary judgment. The order below is reversed.

Reversed.

Judge EAGLES concurs.

Judge PARKER dissents.

Judge PARKER dissenting.

I respectfully dissent. The reasonable belief that a person is entitled to use a motor vehicle includes both permission to operate the vehicle and the legal right to operate the vehicle. The authority given by the person in possession to another to use a vehicle does not authorize an unlawful act. One may have permission without having the legal right to do an act. Therefore, the word "entitle" in the context of an automobile insurance policy should not be limited to the question of permission. In my view, a person without a driver's license cannot as a matter of law have a reasonable belief that he is entitled to operate a motor vehicle.

Furthermore, if the question to be submitted to the jury is the subjective reasonable belief of the driver that he was entitled to operate the vehicle, that person, defendant Slater, has admitted that he did not have such a belief.

For these reasons, I vote to affirm.