NATIONWIDE MUTUAL INSURANCE COMPANY AND MARK ANTHONY PHILLIPS, PLAINTIFFS v. ERVIN I. BAER, ADMINISTRATOR OF THE ESTATE OF MARVIN D. CANNON, JR., DECEASED; CALVIN SUTTON; MARLENE WILLIAMS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JARRED LATIFF ROBINSON, DECEASED; UNIVERSAL INSURANCE COMPANY AND INTEGON GENERAL INSURANCE CORP., DEFENDANTS

No. 9312SC210

(Filed 1 February 1994)

**Insurance § 598 (NCI4th)— driver without reasonable belief that he was entitled to use insured vehicle—coverage denied—no error**

An automobile liability policy's exclusion from coverage of anyone who did not have a reasonable belief that he was entitled to use the covered vehicle was not contrary to the terms of N.C.G.S. § 20-179.21(b)(2), the compulsory motor vehicle liability insurance statute. Furthermore, the trial court properly found that the driver in this case did not have a reasonable belief that he was entitled to use the insured vehicle and plaintiff's policy therefore did not extend coverage to the driver when the driver had previously driven the truck in question which belonged to his employer; the employer specifically instructed the employee that he was not to drive the truck again; and it was therefore impossible for the employee

to have a reasonable belief that he was entitled to drive the truck.

**Am Jur 2d, Automobile Insurance § 267.**

Appeal by defendants from judgment entered 13 November 1992 by Judge W. Russell Duke, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 8 December 1993.

*Russ, Worth, Cheatwood & Guthrie, by Philip H. Cheatwood, for plaintiffs-appellees.*

*Whitley, Coley & Wooten, by Everette L. Wooten, Jr., for defendants Calvin Sutton and Marlene Williams.*

LEWIS, Judge.

The facts of this appeal arise out of a single vehicle accident in which Marvin Cannon ("Cannon") and Jarred Robinson ("Robinson") were killed. The facts leading to this accident reveal that Mark Anthony Phillips ("Phillips") was the owner of a 1976 Ford pickup truck which he used in his farming operations. Robinson, Cannon and David Holton ("Holton") were all employed by Phillips to put in tobacco. On 23 July 1990, at approximately noon, Phillips instructed Holton to take the 1976 Ford pickup truck and drive Cannon and Robinson home for lunch. En route Holton stopped at a local convenience store to buy his own lunch. As Holton came out of the store, Cannon slid behind the wheel and began slowly driving away with Robinson as a passenger. Holton then jumped in the passenger side of the truck. Defendants contend, and the trial court so found, that Cannon was operating the truck with Holton's permission. Nationwide Mutual Insurance Company ("Nationwide") claims that Holton repeatedly asked Cannon to stop the truck. Holton knew Phillips had forbidden Cannon to drive the truck. Regardless of the circumstances, Cannon drove approximately four miles before losing control of the truck and causing it to overturn, killing Cannon and Robinson. At the time of the accident, Cannon did not have a valid driver's license and he had been specifically instructed by Phillips not to drive the truck, which was known to Holton. Nationwide had in effect a liability policy issued to Phillips which covered the 1976 Ford pickup truck.

Robinson's mother, Marlene Williams, filed suit against Holton, Phillips, and Cannon's estate for wrongful death, negligent inflic-

tion of emotional distress, and negligent entrustment of a chattel. That suit is currently pending in Cumberland County. However, prior to the resolution of the Williams suit, Nationwide filed the present declaratory judgment action seeking a determination of its liability coverage, if any, for Cannon's actions. In filing its declaratory judgment action, Nationwide relied on the language of its policy which excluded from coverage anyone using the covered automobile without a reasonable expectation that he was entitled to do so.

A trial was held in Cumberland County on 9 November 1992, before the Honorable W. Russell Duke, Jr. Judge Duke concluded that Cannon was not in lawful possession of the 1976 Ford pickup truck, nor did he have a reasonable expectation that he was entitled to operate the truck. Judge Duke therefore concluded that the Nationwide policy did not extend coverage to Cannon and entered judgment in favor of Nationwide. Defendants appealed.

In interpreting any insurance policy, the most fundamental rule of construction is that the language of the policy controls. *See Smith v. Nationwide Mut. Ins. Co.*, 328 N.C. 139, 400 S.E.2d 44 (1991). In addition, "when a statute is applicable to the terms of a policy of insurance, the provisions of that statute become terms of the policy to the same extent as if they were written in it, and if the terms of the policy conflict with the statute, the provisions of the statute prevail." *Baxley v. Nationwide Mut. Ins. Co.*, 334 N.C. 1, 6, 430 S.E.2d 895, 898 (1993). In this case, the applicable statute is N.C.G.S. § 20-279.21(b)(2) which provides in pertinent part that an owner's liability insurance policy

> [s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, or any other persons in lawful possession, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle . . . .

In addition, the Nationwide policy provides in Part B, Liability Coverage: "We will pay damages for bodily injury or property damage for which any **covered person** becomes legally responsible because of an auto accident." The term **covered person** is defined to include "any person using your covered auto." However, the Exclusions part of the Nationwide policy states that "we do not

provide Liability Coverage for any person . . . [u]sing a vehicle without a reasonable belief that that person is entitled to do so."

In their first assignment of error, defendants contend that Nationwide's exclusion from coverage of anyone who does not have a reasonable belief that he is entitled to use the covered auto is contrary to the terms of N.C.G.S. § 20-179.21(b)(2). In support of this argument, defendants rely on *Nationwide Mut. Ins. Co. v. Chantos*, 293 N.C. 431, 238 S.E.2d 597 (1977), where the Supreme Court stated:

> Under the Financial Responsibility Act, all insurance policies covering loss from liability growing out of the ownership, maintenance and use of an automobile are mandatory to the extent coverage is required by G.S. § 20-279.21. The primary purpose of this compulsory motor vehicle liability insurance is to compensate innocent victims who have been injured by financially irresponsible motorists. The victim's rights against the insurer are not derived through the insured, as in the case of voluntary insurance. Such rights are statutory and become absolute upon the occurrence of injury or damage inflicted by the named insured, by one driving with his permission, or by one driving while in lawful possession of the named insured's car, regardless of whether or not the nature or circumstances of the injury are covered by the contractual terms of the policy.

We have considered defendants' argument but do not agree. Nationwide's exclusion requiring a covered person to have a reasonable belief that he is entitled to use the vehicle is simply another way of determining whether a person knows that he lacks the owner's permission to use the vehicle. In a case involving similar policy language, this Court stated that such language "broadens the coverage which it provides beyond those who use the covered vehicle with permission. It now covers persons who have a subjective, reasonable belief that they are entitled to use the vehicle." *Aetna Cas. & Sur. Co. v. Nationwide Mut. Ins. Co.*, 95 N.C. App. 178, 181, 381 S.E.2d 874, 875 (1989), *aff'd*, 326 N.C. 771, 392 S.E.2d 377 (1990). On appeal, the Supreme Court did not even address the issue of whether the exclusion was valid, but instead looked only to whether the driver's belief was reasonable.

As further evidence of the fact that Nationwide's exclusion is not inconsistent with the terms of N.C.G.S. § 20-279.21 we note

that in *Belasco v. Nationwide Mut. Ins. Co.*, 73 N.C. App. 413, 326 S.E.2d 109, *disc. review denied*, 313 N.C. 596, 332 S.E.2d 177 (1985), this Court held

> that a person is in lawful possession of a vehicle . . . if he is given possession of the automobile by the automobile's owner or owner's permittee under a good faith belief that giving possession of the vehicle to the third party would not be in violation of any law or contractual obligation. Applying these principles to the present case, we conclude that Hinson, having been given possession of the vehicle by one in lawful possession, with no notice of restrictions on its use, was in lawful possession.

*Id.* at 419, 326 S.E.2d at 113 (emphasis added). This implies not only that the owner or the owner's permittee must give possession to a third party in good faith, but also that the third party must take in good faith and without any notice of restrictions on his use. Nationwide's exclusion merely makes this good faith requirement a part of the policy and does not contravene the language of N.C.G.S. § 20-279.21(b)(2).

In this case, the trial court found that Cannon did not have a reasonable belief that he was entitled to use the 1976 Ford pickup truck and we agree. The evidence shows that Phillips had previously learned that Cannon had driven the truck without permission. As a result of this incident, Phillips specifically instructed Cannon that he was not to drive the truck again. Since this instruction was given prior to the accident, it was impossible for Cannon to have a reasonable belief that he was entitled to drive the truck. This case is distinguishable from *Aetna* because there the third party did not think he had permission to drive the owner's vehicle because he did not have a valid driver's license. The Supreme Court stated that although the permittee might feel it was wrong to drive without a valid driver's license, he might nevertheless have thought he had the owner's permission under the circumstances. *Aetna*, 326 N.C. at 776, 392 S.E.2d at 380. Therefore, the Supreme Court remanded as to the permittee's reasonable belief. In the present case, given Phillips' explicit instruction to Cannon, we cannot conceive of any set of circumstances in which it would have been reasonable for Cannon to believe he had permission to drive the truck. Accordingly, we agree with the trial court's finding

that Cannon did not have a reasonable belief that he was entitled to drive the truck.

In their second assignment of error, defendants claim that the trial court erred in finding that Cannon was not in lawful possession of the truck. In support of this argument defendants rely on *Belasco*. Therein, this Court found that a third party was in lawful possession of a vehicle even though the owner had given explicit instructions to his permittee not to loan the vehicle to anyone. In the cases relied upon by defendants, the third party never received an express instruction that he did not have permission to use the owner's vehicle. Instead, the cases cited by defendants impose liability where the permittee violated the instruction of the owner. Defendants argue that to allow coverage when the first permittee violates the owner's instructions but not when the second permittee violates those same instructions is inconsistent which the intention of the Financial Responsibility Act. We do not agree. The purpose of the Financial Responsibility Act has always been to protect innocent motorists from financially irresponsible motorists. *Nationwide Mut. Ins. Co. v. Chantos*, 293 N.C. 431, 238 S.E.2d 597 (1977). However, in protecting innocent motorists it is not fair to impose liability on an owner, through his insurance company, when that owner has done everything in his power to limit those individuals who have permission to use his vehicle. It is one thing to impose coverage when a permittee gives possession to a third party who is unaware of any restrictions, but it is an entirely different matter to impose coverage when the owner's permittee gives possession to a third party who knows that he is prohibited from using the vehicle. Such a person cannot have lawful possession and the trial court was correct in so holding.

Accordingly, the judgment of the trial court is

Affirmed.

Judges ORR and JOHN concur.