KAREN CARLSON, as Administratrix of the Estate of MARK ELLIOTT CARLSON, Plaintiff v. OLD REPUBLIC INSURANCE COMPANY; AAU INSURANCE COMPANY; LEANN LITTLEFIELD and JENNIFER JEWELL, Executrices of the Estate of David Drye; and LEANN LITTLEFIELD and JENNIFER JEWELL, Executrices of the Estate of Ann Drye, Defendants

No. COA02-1284

(Filed 16 September 2003)

**1. Appeal and Error— appealability—interlocutory order— partial summary judgment—duty of insurance company to defend—substantial right**

Although an order of partial summary judgment on the issue of whether an insurance company has a duty to defend in the underlying wrongful death action is an appeal from an interlocutory order, it affects a substantial right that might be lost absent immediate appeal.

**2. Insurance— aircraft accident—indemnification—summary judgment motion**

The trial court did not err in a wrongful death action arising out of an aircraft accident by denying plaintiff administratrix's motion for summary judgment on the issue of whether defendant insurance company had a duty to indemnify the pilot's estate and by denying defendant's motion for summary judgment seeking a declaration that coverage did not exist under either of its two policies, because a genuine issue of material fact remained in regards to coverage for the pilot's estate when the pilot's status as an insured depended on whether the pilot was acting within the

scope of his duties as an officer, director, or stockholder of the pertinent corporation or as an independent contractor.

Appeal by defendant Old Republic Insurance Company from judgment entered 12 April 2002 by Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 August 2003.

*Pinto Coates Kyre & Brown, PLLC, by Deborah J. Bowers, John I. Malone, Jr. and Paul D. Coates, for plaintiff-appellee.*

*Dean & Gibson, L.L.P., by Susan L. Hofer, for defendant-appellant.*

MARTIN, Judge.

Plaintiff, as Administratrix of the Estate of Mark Elliott Carlson, brought this action seeking, *inter alia,* a declaratory judgment that defendant Old Republic Insurance Company (hereinafter "Old Republic") provided coverage under two insurance policies issued by it, for claims arising out of the 14 June 1999 crash of a Cessna aircraft registered to and owned by the David Drye Company, L.L.C. The aircraft's pilot, Kelly Ward, and three passengers, David Drye, Ann Drye and plaintiff's decedent, Mark Carlson, were killed in the crash. At the time of the accident, Ward was a part owner in Corporate Air Fleet, Inc. (hereinafter "Corporate Air") and owner of Ward's Aircraft Services, Inc. (hereinafter "Ward's Services"). Corporate Air maintained its own planes and those owned by others. In addition, it used its own planes to provide charter air service to fly persons or products. Ward's Services supplied aircraft maintenance and service and owned hangers for the purpose of aircraft storage.

Plaintiff, as administratrix of Carlson's estate, filed a suit in Mecklenburg County seeking damages for his wrongful death arising out of the aircraft accident. In the complaint, plaintiff alleged that Corporate Air and Ward's Services failed to provide adequate maintenance, repair, inspection or service on the airplane, and that such negligence contributed to the crash. In addition, the suit alleged that Ward was negligent in piloting the airplane and that he failed to provide adequate ground maintenance.

At the time of the accident, there were in force two insurance policies, an Airport Liability Policy and an Aviation Policy, issued by Old Republic to Corporate Air and Ward's Services. The Airport

Liability Policy provided comprehensive liability insurance to both Corporate Air and Ward's Services for ground services such as maintenance, fuel and oil, and for claims arising out of airport and airport premises operations. The Aviation Policy provided coverage to Corporate Air for bodily injury liability and property damage liability arising from the ownership, maintenance and use of specifically listed aircraft.

After the actions were tendered to Old Republic for defense and indemnification of Corporate Air, Ward's Services and Ward pursuant to these policies, Old Republic issued a reservation of rights letter as to coverage for Corporate Air and Ward's Services, and denied coverage for Ward. Plaintiff then filed this action requesting a declaration that coverage existed under the insurance policies. Old Republic answered, denying coverage and requesting a declaration to that effect. Plaintiff moved for partial summary judgment declaring that Old Republic is obligated to indemnify Corporate Air and/or Ward's Services under the Airport Policy should the plaintiff prevail in the underlying claim. Old Republic moved for summary judgment declaring that coverage did not exist under either policy and therefore, Old Republic would have no duty to defend or to indemnify for the accident.

The trial court entered an order in which it determined that Old Republic had a duty to defend Corporate Air and Ward's Services under the Airport Policy in the underlying wrongful death action, and that Old Republic's Airport Policy provided coverage to Ward's Services and/or Corporate Air for damages, if any, "in connection with the maintenance or service of the airplane . . . ." Holding that genuine issues of fact existed as to Old Republic's duty under the Airport Policy to defend and indemnify the Estate of Kelly Ward in the underlying wrongful death action, the trial court denied plaintiff's motion for summary judgment insofar as it sought such a declaration. Old Republic's motion for summary judgment was denied. Old Republic appeals.

[1] An order of partial summary judgment on the issue of whether an insurance company has a duty to defend in the underlying action "affects a substantial right that might be lost absent immediate appeal." *Lambe Realty Inv., Inc. v. Allstate Ins. Co.*, 137 N.C. App. 1, 4, 527 S.E.2d 328, 331 (2000). Therefore, this interlocutory appeal is properly before us for review.

**[2]** "[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). "[T]he evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Id.* Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). Thus, the issue is whether a genuine issue of material fact existed as to insurance coverage under the Airport Policy for maintenance and service of the aircraft.

In interpreting insurance policies, we are guided by the general rule that in the construction of insurance contracts,

> any ambiguity in the meaning of a particular provision will be resolved in favor of the insured and against the insurance company. Exclusions from and exceptions to undertakings by the company are not favored, and are to be strictly construed to provide the coverage which would otherwise be afforded by the policy.

*Maddox v. Colonial Life & Accident Ins. Co.*, 303 N.C. 648, 650, 280 S.E.2d 907, 908 (1981). When an endorsement provision can be construed as in direct conflict with the coverage provisions of the policy, "the provisions most favorable to the insured, i.e. those in the endorsement, are controlling." *Drye v. Nationwide Mut. Ins. Co.*, 126 N.C. App. 811, 815, 487 S.E.2d 148, 150 (1997). "Since the objective of construing an insurance policy is to ascertain the intent of the parties, the courts should resist piecemeal constructions and should, instead, examine each provision in the context of the policy as a whole." *DeMent v. Nationwide Mut. Ins. Co.*, 142 N.C. App. 598, 602, 544 S.E.2d 797, 800 (2001).

The Airport Policy provides that Old Republic will pay on behalf of the insured all damages which the insured is legally obligated to pay because of bodily injury or property damage. In addition, Old Republic has the right and duty to defend any such suit. However, there is an applicable exclusion, upon which defendant relies, stating that this coverage does not apply:

(b) to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use loading or unloading of

    (1) any **automobile** or **aircraft** owned or operated by or rented or loaned to the named insured, or

    (2) any other **automobile** or **aircraft** operated by any person in the course of his employment by the **named insured**.

According to the policy, "if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such" is considered an insured.

Included in the Airport Policy, immediately after the cover page, are "Special Airport Provisions" that apply to the comprehensive general liability insurance provided by the policy. This endorsement states:

With respect to the premises designated in the policy as an airport and all operations necessary or incidental thereto:

. . .

3. The exclusion in the policy with respect to aircraft applies only to aircraft owned by or rented or loaned to the **insured** or **in flight** by or for the account of the **insured**.

Although defendant argues that if Ward was operating the aircraft as a principal or employee of Corporate, the exclusion allowed denial of coverage, the endorsement modifies the applicable exclusion by omitting the term "operate." Reading the two clauses together, the only time the exclusion applies, thereby disallowing coverage, is when the aircraft is owned by, rented or loaned to the insured, or when the aircraft was in flight by or for the account of the insured. The intent of the Airport Policy was to cover events arising from the insured's conduct, as long as those events did not occur in connection with planes that were the property of the insured. The Aviation Policy, although not at issue before this Court, provided coverage to the insured for events involving planes owned, maintained or used by the insured.

The Cessna aircraft that crashed in this incident was owned by the David Drye Company, L.L.C. and it had not been rented by or

loaned to Corporate Air or Ward's Services. The flight, which was to transport the owners and an employee of the David Drye Company, L.L.C., was in flight for the account of that company. Therefore, the trial judge correctly ruled that the Airport Policy provided coverage should the insured be found liable.

Defendant contends that the trial court erred in granting partial summary judgment for the plaintiff while denying summary judgment for defendant because the only question of material fact was whether Ward provided piloting services as an employee of Corporate Air or individually as an independent contractor. Since the Airport Policy covered only ground services and airport premises operations, the status of the pilot had no effect on coverage of the Airport Policy. Therefore summary judgment on this issue was proper.

Because his status as an insured depended on whether Ward was acting within the scope of his duties as an officer, director or stockholder with Corporate Air or as an independent contractor, a genuine issue of material fact remained in regards to coverage for the Estate of Kelly Ward under both the Airport Policy and the Aviation Policy. Thus, the court's denial of plaintiff's summary judgment motion on the issue of whether Old Republic had a duty to defend and indemnify the Estate of Kelly Ward was proper as was the denial of defendant's summary judgment motion seeking a declaration that coverage did not exist under either policy.

Affirmed

Judges McCULLOUGH and LEVINSON concur.