STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff v.
NORBERTO BUSTOS-RAMIREZ, AUGUSTINE M. PEREZ, and THE ESTATE OF
SERGIO UMBERTO MORALES ARRIAGA, Defendants

No. COA10-1087

(Filed 17 May 2011)

## Insurance— automobile—exclusion—no permission to use vehicle

The trial court correctly granted summary judgment for plaintiff in a declaratory judgment action to determine insurance coverage after an automobile accident. The policy excluded coverage for an insured using a vehicle without a reasonable belief that he was entitled to do so, the owner had told the driver (Perez) not to use his vehicles when Perez had been drinking, Perez had been drinking on the night of the accident, and Perez knew that he did not have permission to operate the vehicle on that night.

Appeal by defendant, the Estate of Arriaga, from judgment entered 29 March 2010 by Judge Patrice A. Hinnant in Forsyth County Superior Court. Heard in the Court of Appeals 9 February 2011.

*Davis & Hamrick, L.L.P., by James G. Welsh, Jr., for the plaintiff-appellee.*

*James B. Wilson, Jr., for the defendant-appellant, Estate of Sergio Umberto Morales Arriaga.*

STEELMAN, Judge.

There was no genuine issue of material fact as to whether Perez had a reasonable belief that he was entitled to use the Honda automobile owned by Ramirez. The trial court correctly granted summary judgment in favor of plaintiff.

### I. Factual and Procedural History

Augustine Perez ("Perez") had resided with the family of Norberto Bustos-Ramirez ("Ramirez") in Winston-Salem, Forsyth County for several years. Ramirez was the owner of a 1999 Honda Civic automobile which was insured by plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"). On the night of 10 January 2009, Ramirez was either asleep or away from his home. Perez did not have a driver's license. At approximately 10:00 p.m.

Perez took the keys to the Honda automobile without asking permission from Ramirez. Together with Sergio Umberto Morales Arriaga ("Arriaga"), Perez drove to a disco in Greensboro where he consumed alcohol. At approximately 3:11 a.m. on 11 January 2009, the two men were returning to Winston-Salem, with Perez operating the automobile. Perez lost control of the vehicle, resulting in it turning over several times before coming to rest. Arriaga was thrown from the vehicle and subsequently died from injuries received in the incident.

On 3 June 2009, State Farm filed this action seeking a declaratory judgment that its policy covering the 1999 Honda automobile did not provide any coverage for any claims by Arriaga's Estate for wrongful death, that it had no duty to defend Perez in any such litigation, and that Ramirez would not be a proper party to such litigation. Arriaga's Estate filed answer denying the coverage allegations of the complaint. This answer asserted cross-claims for wrongful death against Perez and Ramirez seeking damages of "one million dollars ($1,000,000.00)" for the wrongful death of Arriaga and a counterclaim against State Farm seeking a declaration that State Farm's policy provided coverage for the death of Arriaga.

On 19 February 2010, State Farm filed a motion for summary judgment. On 29 March 2010, the trial court granted the motion, declared that State Farm was "neither obligated nor has a duty to defend or indemnify the Defendant, Augustine M. Perez, as a matter of law," and dismissed the counterclaim of Arriaga's Estate with prejudice.

The Arriaga Estate appeals.

## II. Granting of State Farm's Motion for Summary Judgment

In its only argument, the Estate of Arriaga contends that the trial court erred in granting summary judgment in favor of State Farm. We disagree.

### A. Standard of Review

Our standard of review is:

whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. [T]he evidence presented by the parties must be viewed in the light most favorable to the non-movant. Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

**STATE FARM MUT. AUTO. INS. CO. v. BUSTOS-RAMIREZ**

[212 N.C. App. 225 (2011)]

*Carlson v. Old Republic Ins. Co.*, 160 N.C. App. 399, 402, 585 S.E.2d 497, 499 (2003) (internal quotations and citations omitted).

Our review of orders granting summary judgment is *de novo*. *Miller v. First Bank*, —— N.C. App. ——, ——, 696 S.E.2d 824, 827 (2010).

### B. Analysis

State Farm's motion for summary judgment was based upon an exclusion contained in Part A of the policy, "Liability Coverage" which excludes coverage for an insured "[u]sing a vehicle without a reasonable belief that that insured is entitled to do so." Part A of the policy defines an "insured" as "[y]ou or any family member for the ownership, maintenance or use of any auto or trailer" and "[a]ny person using your covered auto."[1]

State Farm contended, and the trial court agreed that Perez was not using Ramirez' vehicle with a reasonable belief that he was entitled to do so. The Estate of Arriaga contends that the evidence before the trial court presented genuine issues of material fact on this issue, and that the trial court erred in granting summary judgment.

The evidence presented to the trial court included the depositions of Floraina Villarreal (the girlfriend of Arriaga), Maria F. Arriaga (mother of Arriaga), Perez, Ramirez, State Farm's insurance policy on the 1999 Honda automobile, and the responses of Perez and Ramirez to written discovery. This evidence revealed that Perez did not have a driver's license; that Ramirez was either asleep or away from his home when Perez took the vehicle on 10 January 2009; that Perez did not ask permission before he took the vehicle; that Ramirez had specifically instructed Perez not to drive his vehicles if he had been drinking; that Perez had been drinking when the accident occurred on 11 January 2009; and that Perez admitted he had no legal right to operate the Honda vehicle. There was conflicting evidence about Ramirez allowing Perez to use his vehicles. At one point, Perez testified that Ramirez instructed him "Don't—don't get my cars anymore. Don't take my cars anymore." At other times Perez testified that Ramirez let him use his cars. Ramirez testified that Perez did not have permission to drive the Honda, because Perez did not have a driver's license.

While it is disputed whether Ramirez had allowed Perez to operate his vehicles at other times, it is undisputed that Ramirez had told

---

1. The remaining definitions of "insured" contained in the policy are not relevant to our analysis in this case.

Perez that he was not to operate any of his vehicles when he had been drinking. It is also uncontroverted that Perez was drinking on the night that Arriaga was killed, and that he knew he did not have permission to operate the Honda on that occasion.

In *Newell v. Nationwide Mut. Ins. Co.*, 334 N.C. 391, 432 S.E.2d 284 (1993) our Supreme Court addressed the precise exclusion at issue in this case. The Supreme Court held that where the son of the owner of the vehicle did not have a driver's license, and was forbidden to use any of the father's vehicles, that he "could not have had a reasonable belief that he was entitled to use his father's vehicle." *Id.* at 397, 432 S.E.2d at 288; *see also Haney v. Miller*, 128 N.C. App. 326, 494 S.E.2d 619 (1998); *Nationwide Mutual Ins. Co. v. Baer*, 113 N.C. App. 517, 439 S.E.2d 202 (1994).

We hold that based upon the uncontested facts in this case, and the cases cited above, Perez did not have a reasonable belief that he was entitled to drive Ramirez' Honda automobile on the night that Arriaga was killed. The trial court correctly determined that State Farm's policy did not afford coverage to Perez. We affirm the declaratory ruling of the trial court, and its dismissal of the counterclaim filed by the Estate of Arriaga.

AFFIRMED.

Judges ELMORE and ERVIN concur.