INTEGON NATIONAL INSURANCE COMPANY, Plaintiff
v.
ELIZABETH CHRISTINA VILLAFRANCO, RAMSES VARGAS,
by and through his Guardian ad Litem Donald S. Higley, TYLER WICK,
by and through his Guardian ad Litem Ashley Coley, GARY SLY and HUNTER EUGENE
STRICKLAND, by and through their Guardian ad Litem Richard Griffin, and CHRISTOPHER
COLE WILLIAMS, by and through his Guardian ad Litem Jaime Moles, Defendants

No. COA13-82

Filed 6 August 2013

1. **Appeal and Error—interlocutory orders and appeals—insurer's duty to defend—partial summary judgment**

   An appeal from an interlocutory order was properly before the Court of Appeals where the action arose from a car accident with several injured passengers, the insurance company filed a declaratory judgment action to determine coverage, and the trial court entered summary judgment in favor of two of the passengers. Partial summary judgment on the issue of an insurer's duty to defend a claim against its insured affected a substantial right that might be lost absent immediate appeal.

2. **Insurance—insured—fourteen-year-old son residing in household**

   The fourteen-year old son of the insured, who was driving her car when an accident occurred, was himself an insured under the terms of her policy, which included any family member residing in her household. While there was an exclusion for an insured using a vehicle without a reasonable belief that he was entitled to do so, that exclusion did not apply to family members.

3. **Appeal and Error—factual statement—reference to record required**

   Although an insurance company argued that there had been a material misrepresentation by the insured and that the amount of coverage was affected, the assertion did not refer to any portion of the record. There could be no material misrepresentation with no factual basis in the record for the insurer's assertion.

Appeal by plaintiff from order entered 23 August 2012 by Judge Clifton W. Everett, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 22 May 2013.

*Bennett & Guthrie, P.L.L.C., by Rodney A. Guthrie and Kimberly
S. Shipley, for plaintiff-appellant.*

*Hardee & Hardee, LLP, by Charles R. Hardee and Moulton B.
Massey, IV, for defendant-appellees.*

STEELMAN, Judge. ·

Where the plain language of the auto insurance policy provides coverage to the driver of the covered vehicle, the insurance carrier is liable for injuries to passengers for which that driver is legally responsible. Where there is no evidence in the record showing that an additional driver would have increased the premiums for the policy of insurance, there can be no material misrepresentation.

## I. Factual and Procedural Background

On 9 April 2011, fourteen-year-old Ramses Vargas (Vargas) lost control of his mother's 1998 Buick, causing the vehicle to overturn. The vehicle was insured by Integon National Insurance (plaintiff), through a policy issued to Vargas' mother, Elizabeth Villafranco (Villafranco). Deborah Stallings (Stallings), a person unrelated to and not residing in the Villafranco household, had been the primary driver of the vehicle for about six months prior to the accident. Gary Sly (Sly), Hunter Strickland (Strickland), Tyler Wick (Wick), and Christopher Cole Williams (Williams) were passengers in the vehicle and were injured in the accident.

On 3 October 2011, plaintiff filed a declaratory judgment action seeking a determination as to whether plaintiff provided liability insurance coverage for the personal injury claims arising from the accident. On 19 January 2012, default was entered as to Villafranco. On 4 June 2012, plaintiff filed a motion for summary judgment. On 23 August 2012, the trial court entered summary judgment in favor of defendants Wick and Williams pursuant to Rule 56(c) of the North Carolina Rules of Civil Procedure. This order held that "plaintiff's Policy No. SAN 9981473 does provide liability coverage of $50,000 per person and $100,000 per accident for defendants Wick and Williams' personal injury claims." On 24 September 2012, the trial court certified its order pursuant to Rule 54(b) of the Rules of Civil Procedure.

Plaintiff appeals.

## II.  Interlocutory Appeal

**[1]**  We must first determine whether this appeal is properly before us. An interlocutory order is an order that does not dispose of the entire controversy at hand. *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Since the trial court's order only dealt with Wick and Williams, but not with Sly and Strickland, the order is not a final order, and is interlocutory.

A trial court declaring its order a "final judgment" does not automatically qualify an order as a final judgment for the purposes of Rule 54(b). *Tridyn Indus., Inc. v. Am. Mut. Ins. Co.*, 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979). When multiple parties are involved, as in this case, a final judgment can be entered as to fewer than all of the parties "if there is no just reason for delay and it is so determined in the judgment." N.C. Gen. Stat. § 1A-1, Rule 54(b) (2011). In order to support an interlocutory appeal, the appellant must demonstrate that the decision of the trial court affects a substantial right. N.C. Gen. Stat. § 1-277 (2011); N.C. Gen. Stat. § 7A-27(d) (2011). Plaintiff's complaint indicates that Wick, Williams, Strickland, and Sly contended that they suffered personal injuries as a result of the operation of Villafranco's motor vehicle by Vargas. While the complaint does not state whether the passengers have instituted suit, it appears that these claims have not yet been resolved. This Court held in *Lambe Realty Inv., Inc. v. Allstate Ins. Co.*, 137 N.C. App. 1, 527 S.E.2d 328 (2000) that where there is a pending claim or suit, a partial summary judgment on the issue of an insurer's duty to defend a claim against its insured "affects a substantial right that might be lost absent immediate appeal." *Id.* at 4, 527 S.E.2d at 331.

We hold that plaintiff's appeal is properly before us.

## III.  Standard of Review

Orders of summary judgment are reviewed de novo by this Court and the evidence is reviewed in the light most favorable to the non-moving party. *N.C. Farm Bureau Mut. Ins. Co. v. Jenkins*, 207 N.C. App. 506, 510, 700 S.E.2d 434, 436 (2010). In this case, the parties stipulated to the trial court that there were no genuine issues as to any material fact.

## IV.  Insured Drivers

**[2]**  In its first argument, plaintiff contends that the trial court erred in granting summary judgment in favor of defendants Wick and Williams and in denying plaintiff's motion for summary judgment. Plaintiff contends that Vargas was not an insured under the terms of Villafranco's insurance policy. We disagree.

"A party seeking benefits under an insurance contract has the burden of showing coverage." *Fortune Ins. Co. v. Owens*, 351 N.C. 424, 430, 526 S.E.2d 463, 467 (2000). Part A of plaintiff's policy states:

> We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident.
>
> . . . .
>
> "Insured" as used in this Part means:
>
> > 1. You or any family member for the ownership, maintenance or use of any auto or trailer.
> >
> > 2. Any person using your covered auto.

In the policy's "Definitions" section, "you" and "your" are defined as "the 'named insured' shown in the Declarations;" "family member" is defined as "a person related to you by blood, marriage or adoption who is a resident of your household[;]" and "covered auto" is defined as "[a]ny vehicle shown in the Declarations." "Insurance contracts are construed according to the intent of the parties, and in the absence of ambiguity, we construe them by the plain, ordinary and accepted meaning of the language used." *Integon Gen. Ins. Corp. v. Universal Underwriters Ins. Co.*, 100 N.C. App. 64, 68, 394 S.E.2d 209, 211 (1990).

"Elizabeth Villafranco" was the named insured in the policy and her 1998 Buick was a covered auto. Vargas is Villafranco's son and was a resident of Villafranco's household at the time of the accident. We hold that Vargas was an insured under the terms of the policy.

Plaintiff further asserts that the following exclusion, contained in the policy, is applicable to Vargas:

> We do not provide Liability Coverage for any insured:
>
> . . . .
>
> 8. Using a vehicle without a reasonable belief that that [sic] insured is entitled to do so.
>
> This Exclusion A.8. does not apply to a family member using your covered auto which is owned by you.

The exception to exclusion A.8 (which states that the exclusion does not apply to a family member) was added to the policy in 2005. Prior to the addition of the exception, our Supreme Court held that a family member who does not have a reasonable belief that he is entitled to

use the insured vehicle is excluded from automobile liability coverage. *Newell v. Nationwide Mut. Ins. Co.*, 334 N.C. 391, 401-402, 432 S.E.2d 284, 288-89 (1993). Plaintiff contends that the addition of this exception should not affect the *Newell* holding.

Following a determination that the insurance policy affords coverage for a particular claim or injury, "the burden then shifts to the insurer to prove that a policy exclusion excepts the particular [claim] from coverage." *Hobson Constr. Co. v. Great Am. Ins. Co.*, 71 N.C. App. 586, 590, 322 S.E.2d 632, 635 (1984). Plaintiff cites a number of cases involving the question of insurance coverage for drivers who were not listed by name on the insurance policy. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Bustos-Ramirez*, 212 N.C. App. 225, 227-28, 710 S.E.2d 408, 410-11, *review denied*, 365 N.C. 367, 719 S.E.2d 44 (2011); *Nationwide Mut. Ins. Co. v. Baer*, 113 N.C. App. 517, 520-22, 439 S.E.2d 202, 204 (1994); *Ins. Co. of N. Am. v. Aetna Life & Cas. Co.*, 88 N.C. App. 236, 242-43, 362 S.E.2d 836, 837 (1987). None of these cases involved a driver whose status as a family member made them an "insured" under the terms of the policy. The holdings in these cases are based on the minimum requirements for liability insurance coverage set forth in the North Carolina Financial Responsibility Act. *See* N.C. Gen. Stat. §§ 20-279.1 to 20-279.39 (2011). The terms of the North Carolina Financial Responsibility Act are included in every automobile insurance policy written in North Carolina. N.C. Gen. Stat. § 20-279.21(b)(2) states:

> (b)  Such owner's policy of liability insurance:
>
> . . . .
>
> > (2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, or any other persons in lawful possession, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle. . . .

N.C. Gen. Stat. § 20-279.21(b)(2) (2011).

While these are the minimum standards of automobile liability coverage, the coverage provided in an insurance policy can exceed that provided by statute. N.C. Gen. Stat. § 20-279.21(g) states:

> Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for

a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this Article. With respect to a policy which grants such excess or additional coverage the term 'motor vehicle liability policy' shall apply only to that part of the coverage which is required by this section.

N.C. Gen. Stat. § 20-279.21(g) (2011).

By including the family member exception to the reasonable belief exclusion, plaintiff explicitly extended coverage to family members using the covered vehicle even when they do not have a reasonable belief that they were entitled to use the covered motor vehicle. This Court has previously held that "[i]n interpreting any insurance policy, the most fundamental rule of construction is that the language of the policy controls." *Baer*, 113 N.C. App. at 519, 439 S.E.2d at 204. The language of this policy, specifically the exception to the A.8 exclusion, indicates that Vargas was in fact an insured under the terms of the policy.

Further, "the avowed purpose of the Financial Responsibility Act . . . is to compensate the innocent victims of financially irresponsible motorists." *Sutton v. Aetna Cas. & Sur. Co.*, 325 N.C. 259, 265, 382 S.E.2d 759, 763 (1989). Insurance policies "must be construed liberally so as to provide coverage, whenever possible by reasonable construction." *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986). In this case, the reasonable interpretation of the plain language of the policy is that Vargas was an insured under the policy. Further, plaintiff bears the burden of proving that an exclusion to coverage is applicable to the facts of this case. Based upon the clear and unambiguous language of the exception to exclusion A.8 plaintiff cannot meet this burden. The trial court correctly determined that plaintiff's policy of insurance provided coverage for the claims of Wick and Williams.

This argument is without merit.

### V. Material Misrepresentation

[3] In its second argument, plaintiff contends that even if the policy does provide coverage to Vargas for the claims of Wick and Williams, any coverage beyond the statutory minimum coverage is void because of a material misrepresentation made by Villafranco. We disagree.

Plaintiff cites to the following language in the policy, asserting that its coverage is limited to the minimum amount required by the Financial Responsibility Act:

We do not provide coverage for any insured

> 1. who has made a fraudulent statement or engaged
> in fraudulent conduct in connection with any acci-
> dent or loss for which coverage is sought under this
> policy; or

> 2. if a named insured made a material misrepresenta-
> tion in the application for this policy of insurance.

> This provision applies to Part A – Liability Coverage to
> the extent that the limits of liability exceed the minimum
> limits required by the Financial Responsibility Law of
> North Carolina. . . .

In North Carolina, a misrepresentation on an insurance application is material "if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of premium." *Goodwin v. Investors Life Ins. Co. of N. Am.*, 332 N.C. 326, 331, 419 S.E.2d 766, 769 (1992) (emphasis omitted) (quoting *Tolbert v. Ins. Co.*, 236 N.C. 416, 418-19, 72 S.E.2d 915, 917 (1952)).

Plaintiff contends that Villafranco failed to advise it that Stallings would be the primary driver of the 1998 Buick motor vehicle. It further contends that had plaintiff known of this fact, it would have charged a higher premium for the insurance policy. Therefore, plaintiff asserts that this was a material misrepresentation.

At the summary judgment hearing, the trial court had before it the affidavits of Deborah Stallings and Sharon Dowell, an employee of plaintiff. Stallings' affidavit noted her use of the 1998 Buick motor vehicle and that she was the primary driver. Dowell's affidavit certified a copy of the policy of insurance and contained no information concerning whether Stallings' use of the vehicle would have resulted in higher premiums. In addition, there were the depositions of Villafranco and Vargas. These depositions do not discuss whether Stallings' use of the vehicle would have resulted in higher premiums. The only place where this assertion that Stallings' use of the vehicle would increase the premium is found is in plaintiff's brief: "Integon would have charged a higher premium for having Ms. Stallings listed as an additional insured." This assertion does not reference any portion of the record or supplement to the record where this alleged fact is to be found. Rule 28(b)(5) of the Rules of Appellate Procedure states that factual statements should be "supported

by references to pages in the transcript of proceedings, the record on appeal, or exhibits, as the case may be." N.C.R. App. P. 28(b)(5).

Because there is no factual basis for plaintiff's assertion in the record, there can be no material misrepresentation. We hold that the trial court properly found the appropriate amount of liability coverage in this case.

This argument is without merit.

AFFIRMED.

Judges CALABRIA and McCULLOUGH concur.